Mohawk &
Hudson Rail
Road Co.
v.
Clute.

---

## The Mohawk and Hudson Rail Road Company vs. Clute and others.

A rail road corporation is not liable to taxation upon its capital, as personal estate, for that part thereof which is vested in the lands over which the road runs, and in the railways and other fixtures connected therewith ; but that part of the corporate property is to be taxed in the several towns and wards in which the same is situated, as real estate, and at its actual value, at the time of the assessment thereof.

The capital stock, of a rail road corporation, which is not invested in its railways, or other real estate, is to be taxed, as personal property, in the town or ward where the principal office or place for transacting the financial concerns of the company is situate.

Where the president of a rail road corporation furnished the statement, required by the statute to be delivered to the assessors of the town in which the

corporation was liable to be taxed upon its capital, but by mistake as to the law, omitted to deduct, as a part of the real estate of the corporation, that portion of its capital which was invested in the railways and other fixtures, and the corporation was assessed and taxed in that town, in conformity with such statement, the court of chancery refused to restrain the collection of the tax.

The usual clause, in an act of incorporation, declaring the stock of the company personal estate, does not change the character of the property which is held by the company in its corporate capacity.

A party who is taxed in two different towns for the same property, which is only liable to be taxed once, and where it is doubtful to which town the right to the tax belongs, may file a bill of interpleader to compel the collectors of the tax to settle the right between themselves.

The complainant in a bill of interpleader, must offer to bring the fund in dispute into court; and he must show that he is ignorant of the rights of the different claimants, or at least that there is some doubt as to which of them is entitled to the fund, so that he cannot safely pay it to either.

A bill of interpleader cannot be sustained where, from the bill itself, it appears that one of the defendants is clearly entitled to the debt or duty claimed, to the exclusion of the other.

Where a complainant is entitled to equitable relief against the owner of property, if the legal title to the property is in dispute between two or more persons, so that he cannot ascertain to which of them it actually belongs, he may file a bill for relief, against the several claimants, in the nature of a bill of interpleader.

THIS case came before the chancellor on an order to show cause why an injunction should not issue to restrain the defendants, the collectors of the town of Rotterdam, and of the second ward in the city of Albany, from collecting the taxes which had been imposed upon the capital stock of the complainant's company, as personal estate, in each of those places. It appeared from the complainant's bill, that their capital paid in was $750,000, the whole of which had been expended in real estate, which the company then held; considering their railway, and the land upon which it was laid, with the embankments, culverts, viaducts, fences, and other fixtures connected therewith, as real estate, within the meaning of that term in the chapter of the revised statutes which relates to the assessment and collection of taxes. And such railway, with the other real estate of the company, and the erections and fixtures connected therewith, was situated partly in the city of Schenectady, and partly in the several towns of Rotterdam, Bethlehem, Watervliet, and in the first, second

*Margin note:* 1834.

Mohawk & Hudson Rail Road Co. v. Clute.

*Margin note:* March 4.

1834.

Mohawk &
Hudson Rail
Road Co.
v.
Clute.

and fourth wards of the city of Albany. It also appeared that the principle office, or place for transacting the financial concerns of the company, in the year 1833, was, and still is situated at the head of the inclined plane, near Schenectady, in the town of Rotterdam. And that in the summer of 1833 the president of the company, pursuant to the directions of the statute, (1 *R. S.* 414, § 2,) delivered to the assessors of the town of Rotterdam a written statement, which was then supposed to be in conformity with the directions of the statute. By that statement it appeared that the whole capital stock of the company was paid in, of which $69,642,91 had been invested in real estate, then owned by the company. The real estate was particularly described, but it did not include the railway or the land on which it was laid, with the fixtures connected with the same. In conformity with this statement, the assessors of Rotterdam assessed the complainants, in that town, upon the whole of their capital as personal estate, after deducting therefrom the amount vested in real estate, as therein mentioned ; under which assessment, the supervisors afterwards imposed a tax upon the company of $2121,50. The assessors of the second ward of the city of Albany, without any statement having been furnished to them by the complainants, also assessed the company in that ward, upon $730,000 of its capital stock, as personal estate ; under which last assessment, the board of supervisors of the county of Albany also imposed a tax upon the company to the amount of $5850. The complainants also alleged in their bill that the principal office, or place for transacting the financial business of the company had never been kept in the city, or within the county of Albany. That, as they were now advised, the statement made out and furnished by their president to the assessors of Rotterdam, was made out and furnished under a mistaken and erroneous view of the facts ; by which the amount of their capital stock which was invested in their railway and the various fixtures connected therewith, was returned as being liable to assessment as personal estate. Whereas the whole of the capital stock of their company was invested in what, as they were now advised, should have been considered as the real estate of the corporation, according to the true construction

of the revised statutes; and that they were not liable to taxation on any part of their capital as personal estate, but only upon their real estate. That they had always been ready and willing to pay to the collectors of the town of Rotterdam and of the second ward in the city of Albany, such sums as could properly be charged as taxes upon the property of the company; and they, by their bill, offered to pay to such collectors respectively, such sums as were properly chargeable on the real estate of the company situate in their town or ward, or such other sum as this court should direct. But inasmuch as the boards of supervisors in the counties of Albany and Schenectady both claimed the right to tax the complainants upon their capital stock as personal estate, and the collectors of the said town and ward each claimed the right to collect the taxes so imposed upon the capital stock of the company, the complainants prayed that the defendants might interplead, and settle and adjust their respective claims between themselves; and that the just or proper sums might be paid to such of the defendants as should appear to be entitled to the same. The bill also contained a prayer for general relief, and for a preliminary injunction, to restrain the different collectors from proceeding to collect the tax imposed upon the capital of the company, until the further order of the court.

*M. T. Reynolds*, for the complainants. The case of *Thompson* v. *Ebbetts*, (1 *Hopk.* 272,) is an authority in support of this bill. The complainants have been assessed for the same property, to wit, their capital stock in two different counties. An illegal assessment has been made upon their capital stock as personal property, without deducting the sums paid out for real estate, as required by the revised statutes. The assessment in the city of Albany was wholly unauthorized. The assessment in Rotterdam was also improper. The statement furnished by the president of the company to the assessors of that town does not estop the complainants from now objecting to such assessment, as that statement was made out and served under a mistake of the facts, not of the law merely. It does not appear clearly from the bill that the principal office for transacting the financial concerns of the company was situat-

1834.

Mohawk &
Hudson Rail
Road Co.
v.
Clute.

ed in the town of Rotterdam. If it was not there situated, then the assessment in that town cannot upon any ground be sustained. Both these assessments are contrary to law. The revised statutes only authorize such portions of the capital stock of the complainants to be assessed, as personal property, as shall remain after deducting therefrom all sums paid out for real estate. In these assessments only a very small part was deducted from the capital stock as having been invested in real estate. The complainants are entitled to relief against both these assessments. This is a proper case for a bill in the nature of a bill of interpleader. It was not necessary for the complainants to offer to bring the amount of the tax into court. It was sufficient to offer to pay such sums as shall be decreed to be due. The rights of the defendants do not appear on the face of the bill. The bill only contains a history of the facts, and the complainants could not have paid the tax to either of them without hazard. The court never inquires into the degree of hazard a complainant must run in paying the money or thing in controversy. To sustain a bill of interpleader, it is not necessary that the same identical sum of money, or chattel, should be claimed by the parties. Money may be invested in stock, and one party may claim the money and the other the stock. A complainant may connect with a bill of interpleader other grounds of relief, as has been done in this case. This court has jurisdiction in case of a tax illegally imposed. The objection to the jurisdiction of the common law courts is, that if a certiorari is brought, the whole tax list must be carried up to the court issuing the writ. A reference in this suit can be made to a master, to assess the tax upon the real estate of the complainants in the second ward of the city of Albany, and in the town of Rotterdam, in the county of Schenectady, according to the rate of the per centage established by the boards of supervisors of the respective counties.

*A. C. Paige*, for the defendants John F. Clute and the supervisors of the county of Schenectady. The complainants' bill cannot be sustained as a simple bill of interpleader. Such a bill can only be sustained where two or more persons claim the same debt or duty by separate interests, in which the

complainant has no beneficial interest, and where he cannot
determine the right without hazard to himself. (*Atkinson* v.
*Manks and another*, 7 *Cowen*, 691. *Bedell* v. *Hoffman*, 2 *Paige*,
200. *Mitchell* v. *Hayne*, 2 *Sim. & Stu.* 63. *Jeremy's ed. Mitf.*
*Pl.* 48, 49, 141. *Jeremy's Eq. Jur.* 346. *Dungey* v. *Angove*,
2 *Ves. jun.* 309 ; *S. C.* 3 *Brown's Ch. Cas.* 36. *Slingsby* v.
*Boulton*, 1 *Ves. & Bea.* 333. 1 *Mad. Ch. Pr.* 174. *Aldrich*
v. *Thompson*, 2 *Brown's Ch. Cas.* 149, 150.) And the com-
plainant, in a bill of interpleader, must be ignorant of the re-
spective rights of the claimants. He must ask for no relief ;
and he must offer to bring the money or thing claimed into
court. In this case the complainants are perfectly acquaint-
ed with the respective rights of the defendants, and they set
forth such rights truly in their bill ; they ask for relief against
all the defendants, insisting that their capital stock is not lia-
ble to taxation as personal property ; and they do not offer to
bring the money claimed into court. (*Thanet* v. *Paterson*, *Bar-*
*nard. Ch. R.* 247. *Note to* 1 *Mad. Ch. Pr.* 174, 3 *Am. ed.* 2
*Ves. jun.* 108, 109. *Burnet* v. *Anderson*, 1 *Meriv. R.* 404. 1
*Har. Ch. Pr.* 98. *Jeremy's ed. Mitf. Pl.* 143, *and note.*) In this
case also the defendants do not claim the same debt. The
supervisors of Albany county claim one amount of tax, assess-
ed upon one amount of capital stock, and the supervisors of
Schenectady county claim another amount of tax, assessed
upon another amount of capital stock ; and the complainants
show, in their bill, that there would be no hazard in paying
the tax claimed by the collector in the county of Schenecta-
dy, as in him they establish, by their case, the clear legal
right to demand it. Upon this bill alone the court can ad-
judge to whom the tax belongs. Not so in the case of *Thomp-*
*son* v. *Ebbetts et al.*, (1 *Hopk.* 272.) There can therefore be
no necessity for any delay. A complainant cannot delay the
payment of money due from him by merely suggesting a
doubt to whom it is due. (*Jeremy's ed. Mitf. Plead.* 48, *note.*)
*Bridgman's Prac. Dig.* 93, sec. 207.) In a bill of interplead-
er, the complainant must admit the right of each claimant to
institute proceedings against him. (*Jeremy's Eq. Jur.* 347. 2
*Merivale*, 110. 2 *Ves. & Bea.* 334.) In this case the com-
plainants deny this right as to all the defendants. In such a

1834.

Mohawk &
Hudson Rail
Road Co.
v.
Clute.

bill, also, the complainant must show a right to compel the defendants to interplead. This is not done by these complainants. Where, as is the case here, the priority or superiority of the different titles is clear, there can be no ground for a bill of interpleader. A party who is shown to have the preferable title, cannot be restrained from proceeding to enforce it. (*Bowyer* v. *Ritchard*, 11 *Price's Exch. R.* 113, 115.) This bill shows that the complainants were properly assessed in Rotterdam, as in that town the principal office for transacting the financial concerns of the company was situated. (1 *R. S.* 415, 416, § 1, 2, 6, 10 ; *Id.* 389, § 6.) The assessors of that town made out their assessment roll in conformity to the statement furnished. (1 *R. S.* 390, § 8 ; *Id.* 393, § 19, 20, 21, 22 ; *Id.* 394, § 27 ; *Id.* 395.) If the assessment was too high, it should have been reduced by oath. (1 *R. S.* 392, § 15 ; *Id.* 416, § 8.) If the complainants are not liable to be assessed upon their capital stock as personal property, they are concluded, as to the assessment in Rotterdam, by the statement furnished by their president and served upon the assessors of that town. The only mode of exempting their capital stock from taxation as personal property, is by furnishing the statement required by the revised statutes, and stating therein the amount paid out for real estate. In the absence of this statement, the assessors of the town where the principal office is situated have the right to assess the entire capital as personal property. In this case, the assessment in Rotterdam, the assessors of that town having jurisdiction, is conclusive. It is like a judgment confessed. The statement of the complainants was the basis of the proceedings of the assessors of Rotterdam, and of the supervisors of the county of Schenectady. The mistake, if any, was on the part of the complainants, and was a mistake of law, and not of fact, which never protects a party. Here the complainants stood by and saw the assessment made, and did not object. Not having then objected, they cannot in equity object to the assessment now. The complainants have a perfect remedy at law against the collector of the city of Albany. The assessors there had no jurisdiction to assess the capital stock of the company. The collector will be a trespasser if he collects the tax. The case of *Thompson* v. *Ebbetts* is unlike this. There the bill was sustain-

ed as a strict bill of interpleader. A bill in the nature of a bill of interpleader can only be filed, where the chancery has jurisdiction of the subject matter, upon some other ground than that of its being a bill of interpleader merely. It must rest upon some ground of equitable jurisdiction. There is no such ground here. The bill must be dismissed, with costs. (1 *Tamlyn's Ch. Cas.* 182.)

*J. M'Kown*, for the supervisors of the county of Albany, and the collector of the second ward of the city of Albany, admitted that the assessment in that ward was illegal ; and that it was made under a mistake as to the location of the principal office of the company.

THE CHANCELLOR. According to the decision of this court in *Thompson* v. *Ebbetts & Welch*, (1 *Hopk. Rep.* 272,) a person who is taxed in two different places, for the same property, when he is only legally liable to be taxed once, and when it is doubtful to which party the right to tax belongs, may file a bill of interpleader, to compel the collectors of the tax to settle the right between themselves. It appeared in that case that the amount at which the property of the complainant was assessed in the different places was not the same ; the tax in one place being $142, while in the other it was only $126. But as the complainant is not permitted to litigate any part of the claim of either defendant, on a simple bill of interpleader, I presume that, in that case, the complainant either paid into court the largest sum, or paid to the collector of Rhinebeck the balance of the tax, imposed in that town, over and above what was claimed by the collector in New-York. (*See Mitchell* v. *Hayne*, 2 *Sim. & Stu. Rep.* 63. *City Bank* v. *Bangs*, 2 *Paige's Rep.* 570.) The bill in the present case, considered as a simple bill of interpleader, is defective in form ; as the complainants do not offer to bring into court either the greater or the less amount taxed upon the company, as upon their capital, at the different places. They merely offer to pay to the respective collectors such amount as is properly chargeable to the complainants on account of their real estate, or as this court shall direct. This would be a very proper offer in a bill for relief, in the nature of a bill of interpleader ; but it is not

what is required in a bill which is filed for the simple purpose of asking the defendants to litigate and settle their conflicting claims between themselves. Independent of this objection as to form merely, this bill cannot be sustained as a bill of inter-pleader, as against the collector of Rotterdam and the board of supervisors of the county of Schenectady, because, if the complainants were taxable any where upon their capital stock, as personal estate, it is evident, from their own showing, that they were properly taxed in the town of Rotterdam, where their principal office, or place for transacting the financial concerns of the company, was situated; and that the tax imposed upon their capital in the second ward of the city of Albany, as personal estate, was illegal and void. It is not sufficient to sustain a bill of interpleader, that one of the defendants claims from the complainant the same debt or duty, when it appears from the bill itself that the debt or duty unquestionably belongs to the other, and that the complainant is not ignorant of their respective rights as between themselves. To authorize a complainant to call upon the different claimants to interplead, he must show that he is ignorant of their rights, or that there is some doubt, at least, to which of such claimants the debt or duty belongs; so that he cannot safely pay or render it to one, without some risk of being subsequently made liable for the same debt or duty to the other. (1 *Eq. Cas. Abr.* 80.) The only ground upon which this court assumes jurisdiction, in a simple bill of interpleader, is the danger of injury to the complainant, from the doubtful rights and conflicting claims of the several defendants, as between themselves. For this reason he must state his own situation, in reference to the fund in question or the duty to be performed, and the nature of the claims of the several defendants to the same. And when, from the complainant's own showing, there can be no doubt in the case, the party who is manifestly entitled to the debt or duty claimed, is not to be subjected to the delay and expense of a chancery suit, before he can be permitted to receive what is his just due.

Where there are other grounds of equitable jurisdiction, however, as in those cases where the complainant is entitled to equitable relief against the legal owner of the property, if the legal title is in dispute, so that the complainant cannot

1834.

Mohawk &
Hudson Rail
Road Co.
v.
Clute.

ascertain to which of the parties to that controversy the property really belongs, he may file a bill, in the nature of a bill of interpleader, and for relief, against both of the claimants. Such was the case of *Shotbolt* v. *Briscow,* (*Gilb. Eq. Rep.* 18,) where the complainant who was entitled to the equity of redemption in land, filed a bill in the nature of a bill of interpleader, against two conflicting claimants of a debt which was a specific lien upon the premises.

In the case now under consideration, if the complainants are entitled to relief against a portion of the tax imposed upon them in the town of Rotterdam, in consequence of the alleged mistake in the statement furnished to the assessors, and the amount of such tax is to be apportioned between that town and the second ward in the city of Albany, according to the value of that part of the railway which lies in each, perhaps the complainant's bill may be sustained, against these several defendants, upon the same principle. I shall therefore proceed to examine the question as to the rights of the several parties, and the effect of the alleged mistake of the complainants in the statement of their property, as furnished to the assessors of the town of Rotterdam, in 1833.

By the act incorporating the complainants' company, the corporation is authorized to take, by purchase or donation, from the owners thereof, and to hold the lands over which their railway runs; and they take also the fee simple of all lands which were taken by them, for the use of their road, without the consent of the owners thereof, upon the payment of the amount awarded to such owners, by the commissioners of appraisal, for the damages sustained by the taking of the lands. (*Laws of* 1826, *p.* 187, § 7.) There is no doubt, therefore, that the lands thus purchased or acquired, are a part of the real estate of the corporation. It is true, this act of incorporation contains the usual clause, declaring the stock of the company personal property. But that provision merely relates to the nature, or character, of the property which the stockholders are to be deemed to have in the several shares of the stock of the company, as individuals; and not to the character of the property held by the company in its corporate capa-

1834.

Mohawk &
Hudson Rail
Road Co.
v.
Clute.

city, for the benefit of such stockholders. In the first title of the chapter of the revised statutes relative to the assessment and collection of taxes, ( 1 *R. S.* 378,) it is declared that the term real estate, wherever it occurs in that chapter, shall be construed to include land and all buildings and other fixtures, erected upon or affixed to the same ; and the term personal estate, is to be construed to include such portion of the capital of incorporated companies, liable to taxation on their capital, as is not invested in real estate. And by the sixth section of the second title, (1 *R. S.* 389,) the real estate of all incorporated companies liable to taxation, is to be assessed in the town or ward in which it lies, in the same manner as the real estate of individuals ; and the personal estate of such companies is to be assessed in the town or ward where the principal office or place for transacting the financial concerns of the company, is situated. By the provisions of the fourth title of the same chapter, (1 *R. S.* 415, § 6,) the assessors, in making up the assessment rolls, are directed to enter in the column of valuations of lands, or real estate, the actual value of the real estate of the company situate within their town or ward ; and in the column containing the valuations of the taxable personal property of individuals, they are to enter the amount of the capital of the company, paid in or secured, after deducting from such capital, the amount paid out for all the real estate then owned by the company, wherever such real estate may be situated, and also making certain other deductions, on account of stock not liable to taxation. To enable the assessors to ascertain what part of the capital stock of the company is taxable as personal estate, the president, or other proper officer of the company, is required to deliver to them a statement, on oath, showing the amount of capital paid in or secured, and of the stock which is exempt from taxation ; and containing a particular specification of all the real estate owned by the company, the places where the same is situated, and the actual cost to the company. (1 *R. S.* 414, § 2.) When this chapter of the revised statutes was passed, and when it went into effect on the first of January, 1828, no railway had been constructed in this state, and only one charter been granted It is not surprising, therefore, that no special provisions in re-

lation to such companies, should be found in the tax laws. They must then be governed by the general provisions relative to the taxation of the real and personal estates of corporations. Taking the several provisions, to which I have before referred, together, I think it is evident that such companies, whose stock, or the principal part thereof, is vested in the land necessary for their roads, and in their railways and other fixtures connected therewith, are taxable on that portion of their capital, as real estate, in the several towns or wards in which such real estate is situated ; and such estate is to be taxed upon its actual value at the time of the assessment, whether that value is more or less than the original cost thereof. Such companies, of course, are not taxable upon their capital, as personal estate, except upon so much thereof, if any, as remains after deducting all their real estate at cost, including the railway itself. This is unquestionably the most equitable mode of taxing such property ; as it gives to each town and ward through which the railway runs, its fair proportion of the tax imposed upon the property of the company. And very little inconvenience can result to the corporation from this mode of assessment ; as it will only be necessary for its officers to make a fair estimate of the cost of the railway, fixtures, and other real estate, in each town or ward, to enable them to furnish their annual statement, to the comptroller and to the assessors of the town in which the company is liable to be taxed on its capital. From such estimates, too, the assessors of the other towns and wards may generally ascertain the fair value of those portions of the railway which they are to assess, by comparing the original cost thereof with the value of the stock of the company, at the time of such assessment. And if any portion of the railway or other property is assessed beyond its value, the statute has given the same remedy to the officers of the company as to an individual, to reduce the amount of such assessment, by swearing to the actual value of the property. (1 *R. S.* 416, § 8.)

Such being the construction of the statute, in regard to the taxation of the property of railroad companies, it remains to be seen what are the legal and equitable rights of the parties to the present controversy. I presume it is a fact, although it is

not stated in any of the papers before me at this time, that no part of the railway itself has been taxed as real estate, in any of the towns or wards through which it runs. Notwithstanding this, it was admitted on the argument, that the taxation of the company on its capital stock, in the city of Albany, was illegal; and that it had been made under a mistake as to the place in which the personal estate of the company was taxable. The injunction must therefore be continued against the collector of the second ward of that city, to restrain the collection of that tax, which cannot legally be levied. The assessment in the town of Rotterdam, was perfectly legal on the part of the officers of that town; as they were required by the statute, to assess the stock of the company as personal estate, in conformity with the written statement furnished by the president of the corporation. Neither can I see any equity in favor of those towns and wards, who may have neglected to tax the real estate of this corporation according to the provisions of the statute, to call upon the town of Rotterdam to relinquish to them a part of the fund which has arisen from this mistake of the complainants; such other towns and wards not having been in any way injured or affected by such mistake. As it is now impossible to correct the mistake, as between the company and the town of Rotterdam, without depriving the town and county officers of a portion of the allowances which have been made to them by the board of supervisors, I doubt whether it would be proper for this court to interfere in behalf of the complainants, even if they had been legally taxed for their railway, as real estate, in the towns and wards through which it runs. I am inclined to think the proper course, in that case, would be to let them pay the tax to the collector, and to apply to the legislature for relief, by a retaxation of the same amount, upon the town, or county, to remunerate their loss. This case would have been different, had the erroneous taxation been produced by a mistake of the officers of the town. Judging from the amount of the tax imposed upon this company in the city of Albany, when compared with the tax in the town of Rotterdam, it is probable the company will have less to pay than they would if they had been properly taxed for the whole of their property, as real

estate, in the towns and wards where it is situated. I think, therefore, the company will have no reason to complain, if they escape with the payment of the tax imposed upon them in the town of Rotterdam only.

The order to show cause, so far as the collector of Rotterdam and the board of supervisors of the county of Schenectady are concerned, must be discharged; and the temporary injunction is dissolved as to them. The complainants may amend their bill, by striking out the names of those parties, or dismiss the same as to them, upon payment of their costs which have already accrued.