Albany and Schenectady Railroad Co. v. Osborn.

[ALBANY GENERAL TERM, December 1, 1851. *Harris, Parker* and *Wright,* Justices.]

---

# THE ALBANY AND SCHENECTADY RAILROAD COMPANY *vs.* OSBORN and others.

The real estate of a railroad company, liable to taxation, must be assessed in each town at the actual value, merely, of that part thereof which lies within the said town, detached from the remainder of the road, and without reference to the income or profitableness of the road.

Such property is to be appraised in the same manner as the adjacent lands, belonging to individuals.

THIS was a case submitting a controversy for the decision of the court, without action, under § 372 of the code. The following facts were agreed upon. The defendants were the assessors of the town of Watervliet, in the county of Albany, and had made out the assessment roll for said town for the year 1851. The plaintiffs were, by an act of the legislature of this state, passed April 17th, 1826, and the acts amendatory thereof, created a body corporate and politic, and were authorized to take by purchase or donation, from the owners thereof, and to hold, the lands over which their railway runs. The plaintiffs' railway runs between Albany and Schenectady, and is a fraction less than seventeen miles in length, and a portion thereof nearly ten miles in length runs within the town of Watervliet. The principal office of the plaintiffs is in the city of Albany. The defendants had affixed and entered in the said assessment roll, the sum of two hundred and fifty thousand dollars as the valuation of that part of the said railway which lay within the said town, being all the real estate belonging to said plaintiffs in said town, which last mentioned sum the said assessors arrived at by estimating the entire worth of the plaintiffs' road, considering the lucrativeness and income thereof, and taking the same proportion of said worth that the length of the said road in the town of Watervliet bore to the whole length thereof. The actual value of that part of the plaintiffs' railway, including the land on which it was laid, and the fixtures connected with the same, lying within the said town, and detached from the remainder of the road, did not exceed sixty thousand dollars; beyond which last mentioned valuation, the plaintiffs insisted they could not be legally assessed. The plaintiffs, therefore, demanded that the defendants should reduce their assessment of the valuation of the said property to a sum not exceeding sixty thousand dollars. The question submitted by the parties for the adjudication of the court, was whether the plaintiffs were liable to be assessed for that portion of their said railway which lies in the town of Watervliet at a value proportionate with the profitableness of their whole road and the worth of their company, or at the real value thereof, without

reference to the remainder of the road, or the worth of the company.

*H. Harris*, for the plaintiffs.

*A. Osborn*, for the defendants.

*By the Court*, PARKER, J.   It is provided by the act of 1851, (*Laws of* 1851, *p.* 333,) that "all real or personal estate liable to taxation, shall be estimated and assessed by the assessors at its full and true value, as they would appraise the same in payment of a just debt due from a solvent debtor." No distinction is made between the property of a corporation and that of an individual. On the contrary, the statute expressly declares (1 *R. S.* 389, § 6,) that the real estate of all incorporated companies, liable to taxation, shall be assessed in the town or ward in which the same shall lie, in the same manner as the real estate of individuals. And the statute further provides, in giving more particular directions on the subject, (1 *R. S.* 415, § 6, *sub.* 2,) that the assessors shall enter in the second column of the assessment roll, the quantity of real estate owned by such company, and situated within their town or ward, and in the third column the actual value thereof, estimated as in other cases.   Under these provisions of the statute, it seems to me, the duty of the assessors is a very plain one.   They are simply to ascertain the value of the land, and of the erections or fixtures thereon, irrespective of the consideration whether the road is well or ill managed, or whether it is profitable to the stockholders, or otherwise.   Such property is to be appraised in the same manner as the adjacent lands belonging to individuals, and without reference to other parts of the railway.   In estimating the value of an adjacent farm, it certainly would not be permitted to take into consideration the skill with which it was managed, nor the means by which high prices were obtained for the produce.   These would change with every occupant, and perhaps with every year.   If such a course were proper, two adjoining farms, of equal extent and fertility, and equally distant from market, might be very une-

qually taxed, in the same town, because the one was occupied by a poor farmer and yielded no profit, and because the other was managed with an amply rewarded skill and industry. Such a course of proceeding would levy an income tax, or at least a tax upon skill and thrift, rather than upon the value of the land itself.

The real and personal estate of incorporated companies, are both liable to taxation. The real estate is to be taxed in the town or ward where it lies, and the personal estate in the town or ward where the principal office, or place for transacting the financial concerns of the company, shall be ; or if the company have no principal office or place for transacting its financial concerns, then in the town or ward where the operations of such company shall be carried on. (1 *R. S.* 389, § 6. 4 *Paige*, 384.) And the mode by which the value of the personal estate is to be ascertained, is clearly pointed out by the statute. (1 *R. S.* 415, § 6.) But the income of the road is not taxable. Nor, in the taxation of either real or personal estae, is the "profitableness" of the road to be taken into the account.

No inference in favor of a different mode of assessment can properly be drawn from the requirement of the statute that every incorporated company shall make and deliver to the assessors of the town in which such company is liable to be taxed, a statement of its real estate, stock paid in, &c. Such statement is required, to enable the assessors to know where the real and personal estate are taxable, and the amount of property liable to be assessed as personal estate.

The case submitted to us, sets forth that in assessing the plaintiffs' land in Watervliet at $250,000, the assessors have arrived at such valuation by estimating the entire worth of the plaintiffs' road, considering the lucrativeness and income thereof, and taking the proportion of said worth that the length of the said road in the town of Watervliet bears to the whole length thereof. And the case further states that the "actual value" of that part of the plaintiffs' railway, including the land on which it is laid, and the fixtures connected with the same, lying within the said town, and detached from the remainder of the road, does not exceed $60,000.

The latter valuation is undoubtedly the correct one. It is the "actual value" of the land which the defendants are required by the statute to ascertain. (1 *R. S.* 415, § 6.   4 *Paige,* 384.)

Judgment must be entered accordingly.

[ALBANY GENERAL TERM, December 1, 1851.   *Harris, Parker* and *Wright,* Justices.]