CARRICO, Plaintiff in Error, *vs.* TOMLINSON *et al.* Defendants in Error.

1. A. died holding the legal title to certain real estate, leaving his brothers and sisters as his heirs. After his death, B., one of his brothers, claiming that A. had held the title in trust for him, conveyed the property to C., and received a portion of the purchase money. Other heirs of A. also executed deeds, but claimed a portion of the purchase money. D., one of the heirs, refused to execute a deed. C. filed a petition under the new code against D. and the other heirs, the object of which was to get the title to the property, and compel the defendants to interplead for the balance of the purchase money. *Held,* such a proceeding could not be maintained.

*Error to Benton Circuit Court.*

This was a proceeding in the nature of a bill of interpleader, commenced by Carrico against James M. Ross, Jeremiah Tomlinson, Frances Tomlinson, his wife, and others, the object of which was to obtain a title to certain real estate upon paying

the purchase money, to which estate it was alleged the parties, or some of them, claimed title.

It appears that James M. Ross, being the owner of certain real estate, conveyed the same to John Ross, who afterwards died. James M. Ross claiming that the estate was held in trust for him by his brother, John Ross, sold the same to the plaintiff, Carrico, and receiving a greater portion of the purchase money, executed a deed for it to Carrico. All the other heirs of John Ross, except Tomlinson and his wife, likewise executed deeds to Carrico. These heirs were the brothers and sisters of John Ross. Tomlinson claims in right of his wife, who was a sister of John Ross, who, he contended, died possessed of the land; and that he, in right of his wife, was entitled, as heir, to a share of it. Carrico alleges that he entered into possession of the land after the conveyance of James M. Ross, with the knowledge and consent of the heirs of John Ross, and made valuable improvements on the same; that William Feaster and his wife, although they had made to him a deed, yet claimed a portion of the purchase money; that Tomlinson and wife claimed a share of the land, as heir of John Ross, and refused to convey. Carrico, the plaintiff, brings the balance of the purchase money into court, and prays that the different claimants of the land may be compelled to interplead for it, and to determine whether the land belonged to John Ross or not. The defendants answered, and upon a trial there was a decree for the plaintiff. There was a motion in arrest of judgment, and the cause was brought here after it was overruled.

*F. P. Wright*, for plaintiff in error, contended that the petition was not sufficient either as a bill of interpleader or a bill of peace, nor did it state sufficient facts to constitute any cause of action, as against Tomlinson and wife. He cited 5 Howard's Practice Rep. 216. Story's Eq. Pl. §18, §292. *Eldridge* v. *Hill*, 2 J. C. R. 381.

*Ballou*, for defendant in error, cited 2 Story's Eq. §824. 11 Wend. 443. 4 Paige's Rep. 384. Hopkins' Rep. 272.

Carrico *v.* Tomlinson.

SCOTT, Judge, delivered the opinion of the court.

1. There cannot be a greater error than to suppose, that the code creates a remedy or enlarges the defence in actions which may be brought under it. It was merely designed to direct the mode by which causes of action and defences already existing might be made available. Nothing is now a cause of action which was not so before the introduction of the code, nor is any thing now a defence which was not so previously. In the adoption of the code, the legislature designed to abolish the distinction between common law and equity pleadings, and to substitute for the previous forms a simple statement of the facts which constitute the cause of action or the grounds of defence, in such a manner as to present to the court the precise points in dispute ; and when the controversy is ended to preserve a record of the precise matters determined. Facts which, under the former practice, would have formed ground of relief against a legal demand upon a bill filed for that purpose, may now be interposed by way of answer in the action on the legal demand.

It is not easy to perceive the ground on which this proceeding is attempted to be sustained. It is an effort by a purchaser of land to enforce a specific performance of his contract by a bill in the nature of an interpleader, bringing in all those who claim title to the land and requiring them to interplead. This is certainly an action of the first impression, and a suit of the kind has not been found reported in the books. The cases cited do not warrant it. In *Parks* v. *Jackson*, 11 Wend. 442, under its peculiar circumstances, it was merely intimated that a vendee might obtain relief by a bill in the nature of an interpleader. There, a purchaser by contract entered into possession, performed in part his contract before suit was brought, and then, *pendente lite*, without actual notice, fulfilled his contract and took a deed for the land. It was held, that under this state of facts, the purchaser was not affected by the rule, that a conveyance obtained *pendente lite* is void; and it was intimated, under the circumstances, he might compel

the parties, by a bill in the nature of an interpleader, to litigate their rights. In that case, a creditor was enforcing his judgment against the land of his debtor, and had no other claim to it than as a creditor ; his object was to obtain satisfaction of his demand out of the proceeds of its sale, and not to acquire the land itself by reason of any title to it. The case referred to in 2 Paige's Rep. 200, *Bedell* v. *Hoffman*, and that of the *Mohawk and Hudson Railroad Co.* v. *Clute*, 4 Paige, 392, and also in Story's Equity Jurisprudence, was that of a complainant, who was entitled to the equity of redemption in land, who filed a bill in the nature of an interpleader against two conflicting claimants of a debt which was a specific lien upon the premises. But this case does not seem to differ from all bills for redeeming equities of redemption, in which the plaintiff is required to make all persons interested, parties. A decree between co-defendants, grounded on pleadings and proofs between plaintiff and defendant, is regular. 2 Schoales & Lefroy, 710, 718.

Carrico, the plaintiff, had no right to call in the defendants, Feaster and Tomlinson and their wives, in this suit. Had he paid the entire purchase money, and received a deed from Ross, he could then have called upon Tomlinson and wife, for the conveyance of the mere legal title, which he alleges was only in them as heirs of the trustee, John Ross. Had he failed in obtaining such title, he had his recourse on the covenants in his deed. We do not see how the notice of Feaster to the plaintiff not to pay over the purchase money to J. C. Ross, could have affected him, had it been disregarded. Feaster and wife, at the instance of Ross, had conveyed to the plaintiff. The compensation for that deed was due from Ross. It is not alleged that Ross had assigned to Feaster any portion of the purchase money due him from the plaintiff. The notice then, to the plaintiff not to pay, was no more than a notice to any other of Ross' debtors. The motion in arrest of judgment should have been sustained ; and, the other judges concurring, the judgment of the court below will be reversed and the judgment arrested.