## McHenry *vs.* Hazard and Rodman.

An action can not be sustained as a case of interpleader where the plaintiff denies any liability to either of the defendants, and neither admits that any thing is due to one of them, nor offers to bring the amount in dispute into court.

An allegation that the defendants have fraudulently confederated and conspired together for the purpose of harrassing the plaintiff by prosecuting separate suits against him for the same cause; and that such suits have been commenced and are prosecuted in pursuance of such conspiracy, is not sufficient to sustain an action or uphold an injunction, where the defendants claim adversely to each other, as well as to the plaintiff, and no direct fraud is charged; the plaintiff merely averring his belief of such conspiracy because the defendants have brought separate actions for the same cause, and by the same attorney.

Proof, more direct than this, is necessary to sustain such an action. Fraud, in such a case, is not to be presumed, and the conspiracy should be distinctly averred, and not charged upon the mere belief of the plaintiff.

Such an action, and the injunction granted therein, can not be sustained on the ground that the plaintiff claims equitable and affirmative relief on his part. Nor on the ground that it will prevent a multiplicity of suits.

Neither can the action be sustained by considering it an action in the nature of a bill of interpleader to prevent danger of a double recovery against the plaintiff.

An action in the nature of a bill of interpleader can only be sustained where the parties sought to be interpleaded have some right or interest in the subject matter of the action, which interferes with the plaintiff's attempt to establish his own rights.

THIS is an appeal by the plaintiff from an order of Justice Sutherland, granting a motion made by the defendant, Hazard, on the plaintiff's complaint and affidavits alone, on which the injunction was granted, to dissolve it. The case as made by the plaintiff in his papers stands, therefore, fully admitted. The complaint shows that the plaintiff, being a resident of London, England, although a citizen of the United States, and having come to the city of New York on a temporary visit, in the summer of 1864, three actions were commenced against him in this court, two by the defendant Hazard, and the third by the defendant Rodman. In one of those commenced by the defendant Hazard, and in that

commenced by the defendant, Rodman the plaintiffs respectively complained upon the same instrument, viz:

"*Sept.* 9, 1858.

JAMES McHENRY, Esq.

Dear sir : Now that the negotiation of the bonds of the Atlantic and Great Western Railroad is completed, and the contracts for the rails concluded, and my right to receive my commissions recognized, you, as my attorney and trustee, are hereby authorized to pay John Thompson, Esq. of Rhode Island, thirty thousand pounds sterling in the first mortgage seven per cent bonds of this company, at 75 per cent, at the date that you receive my commissions, and payments made by virtue of this order you will charge in account with me.

I am, dear sir, faithfully yours,

SAMUEL HALLETT."

"To SAMUEL HALLETT, Esq.

I engage to hold at the disposal of said John Thompson, £30,000, as herein mentioned by you, in same proportions as received by me, of which I shall render acct. in twelve months, and again in twenty-four months after date.

*September* 15, 1858.     JAMES McHENRY."

The commissions mentioned in the above instrument were commissions payable in bonds and stock, which Samuel Hallett claimed to be entitled to for having negotiated contracts for a very large amount of iron rails and of money to be applied in building the Atlantic and Great Western Railroad, and which were to have been received by Mr. McHenry from time to time on account of the parties entitled to them, if the contracts had been carried out, as the work on the road and payments of money and deliveries of rails progressed. Hazard, in his complaint, claimed to have become the owner of this instrument by assignment from the defendant, Samuel Rodman, to whom, as he alleged, Thompson had previously assigned it. Rodman, in his complaint, also claimed to be the owner of it by assignment from Thompson. The

actions respectively seek to recover damages on account of the non-delivery of bonds under the plaintiff, McHenry's, conditional engagement, of which the plaintiffs respectively claim to be the assignees. In each of these actions an attachment was issued to the sheriff against the property of Mr. McHenry, as a non-resident; in the one for $270,000, to procure the discharge of which Mr. McHenry gave a bond with sureties for $540,000; and in the other for $300,000, which is now outstanding, and claimed to have been levied on property sufficient to cover it. In the other action, (the second commenced by Hazard,) no complaint had yet been filed at the time of the commencement of this action, but it is averred in Mr. McHenry's complaint to relate to the same subject, and to be intended to claim some equitable form of relief in case the action at law should for any reason not be successful, and that allegation is not denied. McHenry's answers to the respective complaints of Hazard and Rodman were substantially the same, viz: 1. In each of them he denied the receipt of the bonds and stock forming the commissions to which Hallett claimed to be entitled, and out of which the payment of the £30,000 in bonds to Thompson was to be made, and on the actual receipt of which by Mr. McHenry his engagement was expressly conditioned. 2. In each he alleged that his signature to that conditional engagement was obtained by false and fraudulent representations, which are set out, and the facts represented negatived, and therefore void. 3. In each of them he set up, by a separate and distinct defense to meet the case of his inability on the trial to show actual fraud, that his signature was given under a material mistake of fact, based upon which equitable defense he claims affirmative relief by a judgment for the surrender and cancellation of the instrument. 4. In each he takes the defense of a defect of parties plaintiff. 5. In the action of Hazard, in addition, he sets up certain transactions and agreements to which the said Hazard is a party, binding him to the surrender and release of the instrument sued on.

The complaint in this action set forth the pleadings in those two actions. It shows an application made to the court in those actions respectively, with a view to avoid the hardship and oppression to which he was thus subjected, for an order under section 122 of the Code, compelling the plaintiff in each to make the plaintiff in the other a defendant, with proper allegations so as to make the judgment in either of them a final determination of the whole controversy. It shows that that application was resisted by both Hazard and Rodman, on the ground, among others, that the remedy of Mr. McHenry was in equity, and not under that section of the Code. That application was denied, and on appeal to the general term, the order denying it was affirmed. The motion was denied, on the ground that the clause of section 122 of the Code relied on was not applicable to this case, because the actions were regarded as being "for the recovery of money." The complaint in this action sets forth the grounds on which Mr. McHenry claims that this court has jurisdiction to maintain it, and to grant the relief by injunction and other relief asked for. Among others, it contains the following allegation: "That he has reason to believe, and does believe and charge, upon the facts and circumstances hereinbefore stated, that the defendants have fraudulently confederated and conspired together for the purpose of vexing, harrassing and oppressing this plaintiff, by the prosecution of the said separate actions and attachments, and that the same are actually prosecuted in pursuance of the said fraudulent confederation and conspiracy," &c.

By an affidavit annexed to the complaint, it further appears that on the day of its being filed and the injunction granted, the same attorneys who had previously acted for Hazard in his suits were also substituted as attorneys for Rodman in his action, who had previously to that time been represented by a different attorney; so that both are now prosecuting their respective actions by the same attorneys, each claiming to be, and swearing that he is, the owner of the

instrument, and entitled to recover on it to the exclusion of the other. The relief claimed is an injunction, the trial of the whole controversy in this action, and a judgment for the delivery up of the instrument sued on to be cancelled, and general relief.

*J. Larocque,* for the appellant.

*W. M. Evarts,* for the respondents.

*By the Court,* Ingraham, J. There can be no pretense for upholding this action on the ground that it is a case of interpleader. Here the plaintiff denies any liability to either of the defendants. He neither admits that any thing is due to one of the defendants, nor does he offer to bring the amount in dispute into court. The case has nothing that can bring it within that class of cases, and the injunction can not be sustained on that ground.

Nor do I think the allegation of conspiracy against the defendants, in regard to bringing separate suits, is sufficient to sustain the action. The defendants claim adversely to each other as well as to the plaintiff. There is no direct fraud charged, but the plaintiff avers his belief of such conspiracy, because they bring separate actions for the same cause and by the same attorney. More direct proof of fraud than is here suggested, is necessary to sustain such an action. Fraud, in such a case, is not to be presumed, and the conspiracy should be distinctly averred, and not charged upon the mere belief of the plaintiff.

The plaintiff urges that he claims equitable and affirmative relief on his part, and therefore this action, and the injunction granted therein should be sustained. Even if that were so, if the plaintiff brought separate actions against the defendants, it affords no reason for uniting the defendants in one action and compelling them to interplead with each other

as to which of them is entitled to recover against the plaintiff. But the plaintiff may have all such equitable relief against each of the defendants in the action brought by him, which he asks for in his answer, to as full an extent as could be given him in an action brought by him.

It is urged upon the court to sustain this action upon the ground that it will prevent a multiplicity of suits, and the *New York and New Haven Railroad Co.* v. *Schuyler* is referred to as being in point. There are here, however, only two actions for the same cause, and two suits have never been considered sufficient to sustain a bill in equity for such cause. The fact that these suits were commenced by attachments does not increase the number of actions, although it is evident that in these cases it will operate harshly on the plaintiff. I can not see, however, that the union of these defendants in one action would relieve the difficulty. For each defendant a sufficient undertaking would be necessary. They have no joint interest which would allow a joint undertaking, or by which they could in any way be compelled to rest on a single undertaking to both.

The remaining ground on which the plaintiff's counsel has urged a reversal of the order appealed from is, that this action, although not a case of interpleader, may be considered an action in the nature of a bill of interpleader to prevent the danger of a double recovery against him.

But such an action can only be sustained where the parties sought to be impleaded have some right or interest in the subject matter of the action, which interferes with the plaintiff's attempt to establish his own rights. Various cases are stated by *Story*, in which such a bill could be maintained, but in all of them both plaintiff and defendants had some interest in the subject matter which could not be adjusted without the others; but no case is referred to where the plaintiff claimed that the defendants whom he sought to interplead had no right or title to, or any interest in, the

subject matter of the action. (*Story's ·Eq. Juris.* § 824. *Mohawk & Hud. R. R. Co.* v. *Clute,* 4 *Paige,* 392.)

The order appealed from should be affirmed.

[NEW YORK GENERAL TERM, April 2, 1866. *Geo. G. Barnard, Ingraham* and *Sutherland,* Justices.]