Dorn v. Fox.

---

CHARLES DORN, Respondent, *v.* MENZO FOX, Collector, &c., Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1871.)

The owner of a farm, situated in two adjacent towns, having been assessed in both for taxes of the same year, brought an action to compel the respective collectors, who held each a warrant for collection of his town's tax, to compel them to interplead. He resided, at the time of the assessment, and so alleged, on that part of the farm situated in one of the towns. *Held*, that he could not claim to be ignorant of the rights of the respective collectors, and the action was not maintainable.

THIS action was brought to compel the collectors of taxes for the towns of Ava and Booneville, Oneida county, to interplead and settle between themselves conflicting claims for taxes against the defendant's farm, which was situated partly in each of these adjacent towns.

The facts are stated in opinion of the court

*Adams & Swan*, for the appellant.

*Richardson & Adams*, for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The plaintiff alleges, in his complaint, that he owns a farm lying partly in the town of Ava and partly in the town of Booneville, in the county of Oneida; that

he lived on the part lying in Booneville in the summer of 1869.

In that year he was assessed for the whole of said farm in the town of Ava, and the tax upon said farm was forty-one dollars and eighty-fifty cents.

He was assessed in the same year for the whole of said farm in the town of Booneville, and the tax upon that farm in that town was sixty-one dollars.

Warrants have been issued in both towns for the collection of said taxes. He is ready and willing to pay said tax, but does not know to which of said collectors to pay it, and he prays judgment that the said collectors interplead, and that, on payment to the one found entitled, he be discharged from further liability for said tax.

The plaintiff asked and obtained a temporary injunction to restrain the defendants from collecting the tax.

The defendants answered severally, and each insisted that the plaintiff lived in his town, and that he, defendant, had the right to collect said tax.

The issues were referred to a referee, who found the facts as charged in the complaint. He ordered judgment in favor of collector of Booneville against the plaintiff, with costs, as upon a trial of an issue of law and judgment in favor of the plaintiff, and against the collector of Ava, restraining him from collecting said tax, with costs.

From this judgment defendant Fox, collector of Ava, appeals.

It is alleged, in the complaint, that when the assessments were made in the towns in which the plaintiff's farm lies, he lived in the town of Booneville, and that no part of it was unoccupied. It was taxable only in the town in which the owner resided. (1 R. S., 5th ed., 908, § 3.)

The plaintiff is deemed to know what the law is, and must be held to know, therefore, that his farm was taxable in Booneville and was not taxable in Ava.

He could not allege, truthfully, that he did not know which

of the collectors was entitled to the tax.   This is fatal to the action as one of interpleader.

In the *Mohawk & Hudson R. R. Co.* v. *Clute* (4 Paige, 384), the plaintiff had been assessed in the city of Albany on its capital, and also in Rotterdam, in Schenectady county.   The bill alleged that the principal office of the company was in Rotterdam.

The bill was filed to compel the collectors of taxes in the second ward of the city of Albany and of Rotterdam to interplead.   The chancellor held the bill was defective as a bill of interpleader, because it showed upon its face that the plaintiff knew which of the collectors was entitled to the tax imposed upon the capital of the company.   He says (page 392) the bill cannot be maintained as a bill of interpleader as against the collectors of Rotterdam and the supervisors of Schenectady, because, if the complainants were taxable anywhere upon their capital stock as personal estate, it is evident from their own showing that they were properly taxed in Rotterdam, where their principal office or place for transacting their financial concerns of the company was situated, and that the tax imposed in the second ward of Albany was illegal and void.   It is not sufficient, to sustain a bill of interpleader, that one of the defendants claims from the complainant the same debt or duty, when it appears from the bill itself that the debt or duty unquestionably belongs to the other, and that the complainant is not ignorant of their respective rights as between themselves.   To authorize the complainant to call upon the different claimants to interplead, he must show that he is ignorant of their rights, or that there is some doubt at least to which of such claimants the debt or duty belongs.

The case before us is identical in principle with the one cited, and disposes of it.   The action as one of interpleader must fail.

It was held in *Thompson* v. *Ebbitts* (Hopk., 272), and again in the case of *The Mohawk & H. R. R. Co.* v. *Clute* (*supra*), that a bill of interpleader was maintainable between col-

lectors of taxes for different towns claiming to collect taxes for the same year upon the same property. When this remedy fails the question is, Is there any other remedy whereby the person thus assessed may be relieved from the assessment found to be illegal?

If there is such a remedy it must be against either the assessors who made the assessment, the collectors who attempt to enforce it, or against the town or county to which it is paid.

It is well settled that an action lies against the assessors, who assess a person for property who is not an inhabitant of their town, or where for any other reason the assessment is made without jurisdiction. (*Mygatt* v. *Washburn*, 15 N. Y., 316; *Bailey* v. *Buel*, reported in Albany Law Journal, 13 May, 1871; 59 Barb., 198.)

When the warrant issued to the collector is regular upon its face, it is a protection to him, however illegal or irregular it may in fact be.

The county or town to which an illegal tax may be paid is not liable to an action for the money so received. (37 N. Y., 571; 1 Kern., 392; 1 id., 563.)

Besides the remedy against the assessors for making an illegal assessment, the injured party can review the action of the assessors by certiorari, or strike it from the roll by mandamus. (32 How., 359.)

These remedies are ample for the protection of the plaintiff, and there is no reason why he should invoke the interference of a court of equity, whose right to interfere is at least questionable. If there is a remedy in equity it is confined to interpleader, and as that cannot be maintained in this case the action fails, and the judgment of the referee must be reversed and a new trial ordered, costs to abide the event.