ABRAHAM V. VAN FLEET AND JOHN T. BIRD, ESQS.,
VICE-CHANCELLORS.

---

## WILLIAM H. VARRIAN

*v.*

## CAROLINE BERRIEN et al.

1. The interest on a mortgage on lands was payable to A for life, and the principal, after A's death, to B, C, D, E and F, equally. Complainant, who bought the land subject to the mortgage and assumed its payment, filed a bill of interpleader, alleging that A was dead, and that C and her husband are dead, leaving children, who claim her share, and that G claims it individually and also as C's administrator—*Held*, that the bill should be dismissed as to B, D, E and F, who are not shown to have any interest in the disposition of

1

C's share, and that no reason is alleged why complainant may not safely pay their respective shares to them.

2. A bill of interpleader, which states that G claims to be administrator of C, and to be therefore entitled to a certain fund, and also that he claims an interest in such fund, without stating what that interest is, or how it was obtained, should be dismissed, because his claim is not specifically set forth.

Bill of interpleader.    On motion to dismiss the bill.

*Mr. A. S. Appleget,* for the motion.

*Mr. C. T. Cowenhoven, contra.*

THE CHANCELLOR.

The complainant, by the bill, states that a mortgage was given upon certain land to secure the payment of $3,301 and interest, to Eliza Pullen, widow, and William A. Pullen, Catharine A. Applegate, Caroline Berrien, Emma Rogers and George E. Pullen ; the interest to Eliza Pullen, for life, and the principal, at her death, to be equally divided among the others; that he purchased the land subject to the mortgage, and assumed the payment thereof; that Eliza Pullen, to whom the interest was payable for life, and on whose death the principal was payable to the others, is dead, and that he is ready to pay the principal, but cannot safely do so, because of conflicting claims to the money ; that Catharine A. Applegate and her husband are dead ; that she left children, who claim her share, and that the defendant, John Berrien, pretends to be her administrator, and has notified the complainant not to pay the money, due on the mortgage, to any one ; and that he, Berrien, claims an interest in the share to which Mrs. Applegate would be entitled if she were now living.   Not only are Berrien and the children of Mrs. Applegate parties to the bill, but the other persons who are entitled to shares of the fund, William A. Pullen, Caroline Berrien, Emma Rogers and George E. Pullen, are made parties also.   And the complainant asks leave to pay into court, not merely the share of Mrs. Applegate, but the whole fund ; and he prays, not that Berrien and Mrs. Applegate's children may interplead as to her

Varrian *v.* Berrien.

share, but that the defendants may interplead as to the whole fund. William A. Pullen, Caroline Berrien, Emma Rogers and George E. Pullen now move to dismiss the bill. It is clear that it has no equity as to them. The controversy as to Mrs. Applegate's share cannot justly affect any interest of theirs in the fund. They have no interest whatever in that dispute, nor have they any in the subject of it. They make no claim to that share, and the complainant might safely pay their shares over to them. The bill states, indeed, that Berrien has notified the complainant, in writing, not to pay the money due on the mortgage to any one; but it also states that his claim is confined to Mrs. Applegate's share, and that the opposing claim is that of her children to. that share. According to the bill, there is no controversy as to the other shares.

Nor is the alleged claim of Berrien so stated as to warrant a decree of interpleader. The bill states that he claims to be the administrator of Mrs. Applegate, and also that he claims an interest in her share, but it does not state what that interest is, nor how it was obtained, whether by assignment or how otherwise. But it does state that he claims that the share is due to him personally, and that it is also due to him as administrator of Mrs. Applegate. According to that statement, the share might safely be paid over to him as administrator. In a bill of interpleader, the claims should be specifically set forth, so that they may appear to be of the same nature and character, and the fit subject of a bill of interpleader. *Story Eq. Pl.* § *293; Mohawk &c. R. R. Co.* v. *Clute, 4 Paige 384.* The bill will be dismissed.