1840.

Shaw
v.
Coster.

</div>

---

## Shaw *vs.* Coster and others.

A sheriff who by virtue of an execution levies upon property claimed by a third person, cannot file a bill of interpleader against such third person and the plaintiff in the execution, to have them settle the right to the property between themselves.

The complainant in a bill of interpleader must annex to his bill an affidavit that there is no collusion between him and any of the other parties. And if the bill is filed in relation to moneys in his hands, he must bring the money into court or offer, by his bill to do so; to enable the court to compel a compliance with such offer, upon the application of either of the other parties.

In a bill of interpleader the complainant should show that he is a mere stakeholder, having no personal interest in the controversy between the parties claiming the funds in his hands, and that their respective claims against him are of the same nature or character. He cannot sustain an interpleading suit, if he is obliged to admit that as to either of the defendants he is a wrong-doer.

The complainant in an interpleading bill must show that he is ignorant of the rights of the respective parties, who are called upon by him to interplead and settle their rights between themselves; or at least, that there is some doubt, in point of fact, to which claimant the debt or duty belongs. And therefore, if he states a case in his bill which shows that one defendant is entitled to the debt or duty, and that the other is not, both defendants may demur.

Where it appeared upon the face of a bill of interpleader that it was not a proper case for such a bill, and the defendants, instead of demurring, put in answers and went to a hearing upon pleadings and proofs, insisting in

1840.
———
Shaw
v.
Coster.

May 5.

their answers, however, that the bill was improperly filed, the chancellor, upon a dismissal of the bill, only allowed the defendants the costs to which they would have been entitled if they had demurred, and the bill had been dismissed upon the allowance of the demurrers.

THIS case came before the chancellor upon the appeal of the complainant from a decree of the vice chancellor of the first circuit, dismissing the bill as to all the defendants; and upon the cross-appeal of the defendants, Coster and Dey, from so much of the vice chancellor's decision as refused them their costs against the complainant. The complainant, as the sheriff of New-York, in February, 1829, by virtue of an execution in favor of the defendants, T. L. & W. W. Chester, against Bailey and Haskell, levied upon the furniture and property in Washington Hall, as the property of Bailey, one of the defendants in the execution. The property, however, had been mortgaged to the defendant Coster, the owner of Washington Hall, who had leased the house to Bailey. And Coster claimed the property under his mortgage, the greater part of the moneys secured by which was then due, and he forbid the sheriff's meddling with the property. An arrangement was subsequently made between Bailey and Coster, and Waterman and Bosquet, by which the lease was surrendered by Bailey and his interest in the property assigned to Waterman and Bosquet; who paid a part of the debt due to Coster and took a new lease from him, and at the same time gave to him another mortgage upon the property, to secure the balance of the debt due from Bailey, and also to secure the payment of the rent which should become due under the new lease. This new arrangement was made subsequent to the return day of the execution of the Chesters. Waterman and Bosquet afterwards sold their interest in the lease and in the property to Jump and Artiguenare, who went into possession. In February, 1830, Coster distrained upon the property for the rent due under the new lease, and also advertised the property for sale under his mortgage. Jump thereupon filed a bill in chancery against Coster and Artiguenare claiming the property, and the de-

fendant, Dey was by the consent of the parties appointed the receiver of the property in that suit. Both Coster and the Chesters claimed a preference in payment out of the property; but as it was supposed the property would sell for enough to pay both debts, it was agreed between the sheriff and Dey, the receiver, that the property should be sold by an auctioneer, and that the rights of the several claimants should be determined afterwards. This arrangement was assented to by the several parties to the suit in which Dey was receiver. But the Chesters, although they were willing to co-operate in the sale, insisted upon the sheriff's retaining the whole control of the proceeds of the sale to the extent of their execution. And previous to the sale Dey, the receiver, gave a formal notice to the sheriff that the property was in his hands as such receiver, and that he claimed the entire control over it, and forbid the sheriff from interfering with it. After the sale it was found that the proceeds were not sufficient to satisfy the mortgage and the execution; and Dey, the receiver, forbid the auctioneer from paying any part of the proceeds to the sheriff to apply on the execution, and the Chesters forbid his paying it to Dey until the execution was satisfied. The solvency of the auctioneer being doubted, the sheriff and receiver agreed to withdraw the money from his hands. And $880, the amount in controversy between them, was thereupon deposited by them in bank, in their joint names, to abide the further decision which might be made upon the claims of the respective parties to the money. The Chesters subsequently ruled the sheriff to return the execution; and under the direction of the court he made a special return stating the several claims, the sale of the property, and that the money remained in his hands subject to those claims. The Chesters subsequently offered to indemnify the sheriff against any claim upon him for the money, if he would pay it over to them; and sent him a bond of indemnity, but he neglected to make any answer to the application. He afterwards filed his bill of interpleader in this cause, setting forth the facts; but without annex-

1840.

Shaw
v.
Coster.

ing thereto the usual affidavit denying collusion with either of the parties. Neither did the bill contain any offer to bring the money into court. But the complainant stated that he could not bring it into court in consequence of the arrangement made with Dey the receiver, by which the money was deposited in bank in their joint names. Jump suffered the bill to be taken as confessed, for want of an answer. The defendants Coster, Dey and the Chesters put in their several answers; all contesting the right of the complainant to file a bill of interpleader, and setting up their respective claims to the fund in dispute. The cause was heard as to them upon pleadings and proofs. The vice chancellor decided that it was not a proper case for an interpleading suit; and he therefore dismissed the bill with costs as to the Chesters, who had offered to indemnify the sheriff upon his paying the amount of their execution; but without costs as to the other defendants. (*See* 2 *Edw. Ch. Rep.* 405.)

*George Curtis*, for the appellant. This being a case in which the several defendants claim the same fund, it is a proper case for a bill of interpleader. That the complainant is sheriff forms no valid objection; and neither is it an objection that the fund is not under his entire or sole control. The bond of indemnity offered by one of the defendants does not form an objection to the filing a bill of interpleader, because it was not offered in time. (2 *Hen. & Munf.* 506. 6 *Conn. R.* 421. 2 *Bay*, 67. 2 *Black. Rep.* 1064.)

*C. Bushnell*, for the Chesters. The sheriff having made the money in dispute under Chesters' execution, cannot file a bill of interpleader to compel them to litigate the title of other claimants to the chattels levied on. Chesters' claim is for money; the other claims are for damages for a trespass; they are not, therefore, claims to the same thing. (1 *Cowen*, 703.) The sheriff is not in fact nor in intendment of law a stake-holder, or innocent bailee, or mutual

or accidental depository, nor in any privity with the opposing parties. The protection of the sheriff is ample and perfect by the long established course of the common law, not to sell until an inquisition ; then to sell on an indemnity to his satisfaction, or to stand the action for a false return. To permit such a bill, would compel the court of chancery to try all questions of litigated title to personal property levied on by execution. The directions of Chesters' attorney to the sheriff do not confer on him the right to file a bill of interpleader. The directions of Chesters' attorney did not, by any just construction, amount to a consent to vary the position of the sheriff into that of a stake-holder, but merely to his retaining the money for his indemnity, in case claims should be made in the ordinary mode against a sheriff. The fact that no suit had been brought against the sheriff at the time the bond of indemnity was delivered to him, is an objection to the filing of a bill of interpleader. The sheriff having parted with the control of the fund to the attorney of the opposite party, is not in a condition to file such a bill ; because he has not the fund in his own hand, and because such an act is a collusion. If the bill is properly filed, the fund must be awarded to the Chesters, upon the allegations of the bill and the answers of Coster and Dey. The return on the writ is conclusive as to Chesters' right, unless a better title appear. Coster's prior mortgage, under which he never took possession, was in effect cancelled by him upon a sale by the mortgagor, with his assent, on taking new notes from the mortgagor's vendees and a new mortgage from them as absolute owners. Coster's ignorance of the execution, and his having no intention to part with the lien of the prior mortgage, did not preserve it ; since he in effect cancelled it by taking new securities inconsistent with it. Dey cannot have the property, because the receivership is ended ; and also, because this property was in possession of the sheriff when Dey was appointed receiver. And neither the sheriff nor the Chesters were parties to the suit in which Dey was appointed receiver, and are not affected by it ; and as

by his own showing, Coster must be first paid, and all the funds in hand will be insufficient for that purpose. (2 *Ves. & Beame*, 200, 209, 284. 1 *Cowen*, 710.)

*B. W. Bonney*, for Coster and Dey. The cause was not in readiness for a final hearing and decree as between the parties defendants; and the only question upon which the vice chancellor was required to pass was, as to the propriety of filing the bill and of making the several defendants parties : in other words, whether or not this is a proper case for a bill of interpleader. The defendant John G. Coster shows prima facie a good right to the money in question. And the decree, so far as he is concerned, should have been, either, 1st. If the court were of opinion, upon all the facts disclosed, that it is a proper case for a bill of interpleader, the usual order that the bill so far as the complainant is concerned be dismissed, and that the defendants Coster and Chesters, who claim the fund in controversy, interplead, &c. ; or, 2d. If the court were of opinion that the bill has been unnecessarily and improperly filed, that it be dismissed with costs. The defendant Anthony Dey claims no personal interest whatever in the fund in question. He holds it as receiver under the order made by the court of chancery, in the case of Jump against Joseph Artiguenare and others ; and as such, is entitled to be paid his costs, by the complainant or out of the fund, whatever disposition may be made of it. The decree of the vice chancellor dismissing the bill without costs as to the defendants Coster and Dey is erroneous.

THE CHANCELLOR. The vice chancellor was clearly right in supposing this was not a proper case for a bill of interpleader ; even if the complainant's allegations had left it doubtful whether he was entitled to the property in question under the execution in favor of the Chesters, or whether it belonged to the defendant Dey in his character of receiver in the suit of Jump against Coster and Artiguenare. Judge Story, in his very valuable treatises on

Equity Jurisprudence and on Equity Pleading, has so fully and so correctly stated the law on the subject of interpleader, that it is only necessary to refer to those works, in a judicial opinion. In the first place, the complainant in a bill of interpleader must annex an affidavit to his bill that there is no collusion between him and any of the other parties. And if the bill is filed in relation to moneys in his hands, he must either bring the money into court, or at least must offer to do so by his bill ; so that the court may by its order compel a compliance with that offer, upon the application of either of the defendants. (2 *Story's Eq.* 116, § 809. *Story's Eq. Pl.* 237, § 291.) The complainant must also show that he is in the situation of a mere stake-holder, having no personal interest in the controversy between the defendants, and that their respective claims against him are of the same nature or character. (2 *Story's Eq.* 118, §812. *Story's Eq. Pl.* 239, §294, 297.)

In the case under consideration, there was no privity between the complainant and the defendant Coster, in relation to the property in Washington Hall. And if the deputy sheriff ever in fact levied upon that property, by virtue of the execution in favor of the Chesters, the complainant claimed title to the property, as sheriff, adverse to the title of the defendant Coster under his mortgage. Frequent attempts have been made by sheriffs to sustain bills of interpleader where the property levied on by them has been claimed by third persons, adverse to the claim of the sheriff and the creditor under the execution. But I have not been able to find any case, in which the question has been deliberately examined, where a court of equity has decided in favor of such a proceeding. Indeed it would be contrary to every principle of justice to permit a sheriff to seize property, claimed by a third person, under an execution against a judgment debtor, and then to compel such third person to come into a court of equity and liquidate the question of right to such property with the creditor in the execution, instead of trying the ques-

tion at law, against the sheriff himself as the wrongdoer. In *Slingsby* v. *Boulton*, (1 *Ves. & B. Rep.* 334,) where the goods seized and sold by the sheriff were claimed by trustees under a settlement, who brought an action of trover therefor against him, Lord Eldon refused an injunction, upon a bill of interpleader filed against the trustees and the creditor in the execution. He said the sheriff acted at his peril in selling the goods, and was concluded from stating a case of interpleader, in which the complainant always admitted a title in all of the defendants against himself. That a person could not file a bill of interpleader who was obliged to put his case upon this ; that as to some of the defendants he was a wrongdoer. From the marginal note of the reporter to the case of *Stoors* v. *Payne and others*, (4 *Hen. & Munf. Rep.* 506,) it would appear that the chancellor had decided that a bill of interpleader might be filed by a sheriff to settle the question between the claimant of the property and the creditor in the execution. But upon looking at the case itself, the decision appears to be the other way. It is true the chancellor says the plaintiff may file his bill if he pleases ; but he does not intimate an opinion that he can succeed in such suit. As I understand the case, it was an ex parte application for an injunction, upon a bill of interpleader ; which application was denied on the ground that the Virginia statute had made ample provision for the protection of the sheriff without the necessity of resorting to a court of equity for relief. And the permission to file the bill was nothing more than saying, " If you wish to have this question as to your right to proceed by a bill of interpleader more deliberately settled, and in a manner in which you can have the benefit of a review by the court of appeals, you can file your bill and proceed in your suit ; though I will not grant the injunction in the meantime."

The case of *Nash* v. *Smith*, referred to in the opinion of the vice chancellor, from the Connecticut reports, is not an authority in favor of the sheriff's filing a bill of interpleader in a case like the present. In that case neither of

the defendants in the bill of interpleader claimed title to the property adversely to Silliman against whom the process in the hands of the constable was issued. The constable therefore had no interest adverse to the claim of either party, as each had put into his hands process against the same property : the one claiming it as the individual property of Silliman, and the other as the partnership property of Silliman and Cook. There was therefore a privity between the constable and each of the defendants. And the only question was whether the proceeds of the sale which had been rightfully made, should be applied to the payment of the individual debt of Silliman, which belonged to the defendant Mitchell, or of the partnership debt of Silliman and Cook, which belonged to the other defendants. That was clearly a proper case for a bill of interpleader ; if the complainant, instead of paying the money over to one of the parties in satisfaction of the execution against Silliman individually, had retained the proceeds of the property which he had rightfully sold, and had offered to bring it into court to abide the decision upon the bill of interpleader.

In the case before me, whatever may be the rights of the several defendants upon the case as stated by the bill, I am inclined to think the bill itself was defective in attempting to state the whole facts on which the legal rights of each depended ; instead of stating that the defendant Coster and the receiver claimed them under an alleged mortgage which had become due previous to the issuing of the execution, and which mortgage had been given up after the return day of such execution, and another one given in its place by the assignees of Bailey. This is what Lord Rossylyn probably meant as " suggesting a case," in *Dungey* v. *Angove,* (2 *Ves. jun.* 311 ;) which he says an interpleading bill never does. As I understand the law, the complainant in a bill of interpleader must show that he is ignorant of the rights of the respective parties who are called upon by him to interplead. Or that at least there is some doubt, in point of fact, to which claimant the debt

or duty belongs ; so that he cannot safely pay or render it to one, without risk of being made liable for the same debt or duty to the other. And therefore if the complainant states a case in his bill which clearly shows that one defendant is entitled to the debt or duty, and that the other is not, both defendants may demur. The one upon the ground that the complainant has a perfect defence at law, against his claim ; and the other on the ground that the complainant has neither a legal or an equitable defence to his claim, and has therefore no right to call upon him to interplead with a third person who claims without right. The vice chancellor, upon any view I have been able to take of this case, was clearly right in dismissing this bill as to all the defendants. It should, however, have been dismissed without prejudice to the rights of the complainants in any future litigation with either of the defendants ; so as not to conclude him upon the merits of their respective claims, which could not be legally adjudicated in this form of proceeding.

Upon the question of costs, I see no good reason why Coster and Dey should not have their costs to which they had been necessarily subjected by the filing of this bill. But as the bill upon its face was not a proper bill of interpleader, and the rights of the parties could not be settled under it, I think all of the defendants should have demurred ; instead of subjecting themselves to the useless expense of putting in answers and going into proofs, and at the same time precluding the possibility of having the case settled upon its merits, by insisting in their answers that the bill was improperly filed.

The decree dismissing the bill as to all the defendants must therefore be affirmed, but without prejudice to the complainant's rights in any future litigation with either of the defendants. But it must be modified as to costs, so as to allow to Coster and Dey the same costs which they would have been entitled to if they had demurred to the bill and the same had been dismissed upon the allowance of the demurrer. And the Chesters, instead of being al-

lowed full costs, must only be allowed their costs to the same extent. Neither party is to have costs as against the other upon these appeals.