## NEW-YORK COMMON PLEAS,

JOHN ORSER, Sheriff, &c. appellant, agt. MOSES GROSSMAN, respondent.

An *attachment*, issued under the Code, must, in order to reach a debt due to the defendant in attachment, or other property held by a third person, be executed by the sheriff, by the delivery to the debtor, or person holding property of the defendant, *in person*, of a copy of the warrant, with a notice showing the property levied on. (*Code*, § 235.)

Leaving such copy and notice at the place of business of the debtor with a third person found there, is not a sufficient service of the attachment by the sheriff.

Whether the defect can be supplied, and the attachment be made effectual by proof that the papers were afterwards delivered by such third person to the debtor, or person holding property of the defendant. *Dub.*

Whether service of a copy of the warrant, with a notice in general terms, by the sheriff, that he attaches " all property in the hands of " the debtor, or person having property of the defendant, is sufficient to make the attachment effectual. *Dub.*

Section 236 provides the sheriff with the means of obtaining a particular description of the debt, or property sought to be attached, and the amount thereof; and § 235 requires the sheriff to show, by the notice served, *the property* levied on.

*General Term, Nov., 1855.*

INGRAHAM, *First Judge,* DALY, and WOODRUFF, *Judges.*

THIS action was brought in the marine court, by the sheriff, to·recover a debt which he claimed was due from the defendant Grossman, to the defendants Wm. R. Robinson, Ebenezer P. Robinson, and Wm. G. Barney, under and by virtue of an attachment issued out of the supreme court, in a suit brought by John Martin, jr., and Wm. H. Martin, against said last-named defendants.

Grossman defended this suit upon the ground that he had never been duly served with the attachment and notice; and that it was wholly ineffectual to reach any debt due by him, if any there was.

The defect in the service was two-fold :—

*First.* That the only service of the attachment and notice shown was, by leaving the same at Grossman's place of business with a person (name not known) who said he was the defendant's representative.

*Second.* That the notice left by the sheriff was, that he attached " all the property " of the defendant's in the attachment which was or might be in Grossman's hands, without any description of the property or debt, or the amount, &c.

The marine court held the service insufficient, and dismissed the plaintiff's complaint; and the sheriff appealed to the common pleas.

> JOHN M. MARTIN, *for appellant.*
> JOHN H. LEE, *for respondent.*

By the court—WOODRUFF, Judge. The propriety of the amendment, allowed by the court below, does not properly come in question on this appeal. The amendment was granted

on the motion of the appellant, and the order does not come under review upon *his* appeal from the judgment.

It is questionable whether a general notice, that the sheriff attaches all property in the hands of the debtor of the defendant in attachment, is a sufficient attachment under the Code.

Section 235 seems to contemplate the service of a notice specifying the particular property levied on, and section 236 furnishes the means of obtaining a disclosure of all the particulars necessary to enable the sheriff to describe the property levied upon with due particularity. If such disclosure be refused, it may be compelled. If a false certificate is given, no doubt an action would lie for the deceit practiced.

But I am of opinion that the amount due from the defendant to the non-resident debtor was not attached at all, because the attachment was not served on the defendant as directed in section 235.

It was left with a man in the defendant's store, and no evidence was given that it ever came to the knowledge of the defendant. The suggestion that it may often be difficult to find the party to be served, is of no more force than if it was urged as a reason for not serving a summons on a defendant personally.

The requirement that the person to whom the sheriff applies with the attachment " shall furnish the sheriff with a certificate designating the amount and description of the property held by him," &c. &c., (§ 236,) " and the amount of the debt owing to the defendant," clearly indicates that the notice is to be served on him.

Nothing in the statute warrants the idea that it may be served on an agent or clerk, still less that it may be served on any person who may happen to be in charge of the place of business of the party sought. It should, I think, be served on the person who owes the debt sought to be attached. Indeed, the terms of the section are, that the attachment shall be executed by *leaving* a copy of the warrant of attachment *with* the *debtor*, or individual holding the property, *with* a notice showing the property levied on.

The remedy is extraordinary : it is to operate, in substance, like an assignment, by the absent debtor, to the sheriff; and I think the statute should be strictly pursued.   Whether proof that the debtor actually received the copy of the warrant of attachment, and the proper notice, from the person with whom it was left by the sheriff, would make the service complete and effectual, is at best doubtful ; but as there was no such proof in this case, it is unnecessary to pass upon that question.

Upon this ground I think the judgment must be sustained. If the judgment in the original suit is still in force, there can be no difficulty in compelling the application of the money in the defendant's hands towards the payment, by proceedings supplementary to execution, unless some other rights have intervened.