## SUPREME COURT.

### EDMUND FLETCHER agt. THE TROY SAVINGS BANK.

Where the defendant shows that he holds the property for the true owner, and has no interest in the question to whom it belongs, and that there is nothing else to be litigated, except the right of the different claimants to such property, the defendant will be discharged, and a party in interest substituted in his place in the action.

*Albany Special Term, Jan.,* 1857.

INTERPLEADER.

The action was brought to recover the sum of $266.93, which had been deposited with the defendant by Francis Fletcher, and is still standing to his credit on the books of the bank. On the 13th of September, 1856, Francis Fletcher transferred his interest in the deposit to the plaintiff. About the same time an order, made by the county judge of Rensselaer, was served, restraining the defendant from paying over the money to any person until the further order of the court. A notice was also served upon the defendant on behalf of Thomas Messenger, and Harvey Messenger, to the effect, that all moneys deposited in the bank to the credit of Francis Fletcher and James Christie, or either of them, would be claimed under proceedings supplementary to execution, upon a judgment recovered in the supreme court in favor of said Messengers against said Christie.

Another notice was served on the defendant by George Day, claiming that he had been appointed receiver of the property and effects of Christie, and that the money in question should be paid to him as the property of Christie.

It further appeared that the plaintiff, before this suit was brought, was informed of these claims, and payment of the money was refused on account thereof. This action was commenced by the service of a summons on the 7th day of October, 1856. The defendant, upon an affidavit showing these

facts, and that there was no collusion in the matter, and offering to pay over the money as the court may direct, moved that the Messengers, or Day, the receiver, be substituted in its place, and the defendant discharged from liability to either party upon depositing in court the money in question.

         JEREMIAH ROMEYN, *for plaintiff.*
         C. BUEL, *for defendant.*
         W. A. BEACH, *for claimants.*

HARRIS, Justice. The rule by which the court is to be governed, upon applications like this, is well stated in *Sherman* agt. *Partridge,* (11 *How.* 154.) The same case is reported in 4 *Duer,* 646. It must appear that there is nothing else to be litigated, except the right of the different claimants to the thing in question. The defendant in this case brings itself within that rule.

The bank holds the money for the true owner : it has no interest in the question to whom it belongs : it holds the money as the court will if the motion is granted, ready to be paid over to any party who may succeed in establishing his right to it. Under such circumstances, it would be obviously unjust to compel the defendant, against its own will, to remain a defendant in the action, and perhaps liable for the costs of the litigation. It was against such injustice that the legislature intended to provide.

I think the receiver, who claims the fund, should be substituted as defendant. The provisions of the order should be the same as were prescribed in *Van Buskirk* agt. *Roy,* (8 *How.* 425.)