WILSON a. DUNCAN.

*New York Superior Court ; Special Term, February,* 1859.

INTERPLEADER.—MOTION TO SUBSTITUTE ADVERSE CLAIMANT AS
DEFENDANT.

In an action brought in the New York Superior Court to recover from the de-
fendants moneys deposited with them by the plaintiffs' assignors, the defendants
showed that after the action was brought they had been served with an attach¦
ment in an other action, by parties claiming the fund, and that there was also
another suit pending in the Supreme Court by claimants on behalf of creditors,
seeking to set aside the assignment which was the ground of the claim of the
plaintiffs in this action.

   *Held,* that their motion to substitute such claimants as defendants must be
granted.

Motion, under section 122 of the Code, to substitute the per-
sons named in place of the defendants.

   *Mr. Laroque,* for the application by defendants.

   *Mr. Brady,* for the plaintiffs.

   *Mr. Field,* for Paige & Company.

HOFFMAN, J.—The first view of the case is upon the moving
papers; the next, how it is affected by the proceedings in the
Supreme Court, and other facts stated in opposition :

   The plaintiffs are assignees of L. O. Wilson & Co. : the de-
fendants had received large sums of money as the bankers of
such firm, and have a balance in hand of $52,909.10, which
the plaintiffs demand in this action : the assignment is dated
the 30th of June, 1858, and on the 1st of July, 1858, a written
notice was delivered to the defendants, signed by L. O. Wilson
& Co., apprising them of the assignment, and that they were

authorized to transfer the balance to such assignees. This suit was commenced on the 3d of February, 1859.

In September, 1858, payment of over the sum of $21,000 was made to the plaintiffs by the defendants on account; and on the 16th of September, 1858, a demand was made for the balance.

Before this demand, the defendants received notice from the firm of J. N. Paige & Co., dated the 3d of July, 1858, stating that they claimed a lien upon all the effects of the firm of L. O. Wilson & Co., by reason of a special agreement made in October preceding, and that any assignment was subordinate to their claim, which amounted to upwards of $49,000.

And on the 3d of August an attachment issued out of this court, dated the 1st of July, 1858, and was served upon the defendants by the sheriff. The application recited is for an attachment against the property of Lewis O. Wilson, impleaded, &c. It recites that Lewis O. Wilson is not a resident of the State, and commands the sheriff " to attach the property of the said defendant, Lewis O. Wilson." It is for the sum of $40,581.86.

The moving papers set forth also an attachment issued out of the Supreme Court, and served upon the defendants by Paige & Co., to which I need not now further advert. The sheriff, it seems, has collected money enough to answer it.

One other fact is taken from the other papers used. The suit in this court on which the attachment issued, was against the firm of Lewis O. Wilson & Co., composed of *Burchard*, and four others. This interprets the clause in the attachment, " Lewis O. Wilson impleaded with others." This suit was commenced early in July; the complaint is sworn to on the 1st, and the answer served on the 20th.

Another point is to be noticed, which was dwelt upon in the Supreme Court as of importance. It was sworn on information and belief, that the defendants here had, on the 1st of July, transferred the fund in their hands to the credit of the plaintiffs, the assignees. This is fully met and denied. The fund on the 3d of August, the time of the service of the attachment, remained to the credit of L. O. Wilson & Co.

The action of Paige & Co. in the Supreme Court was (by a supplemental complaint) framed so as to aim at setting aside the assignment to the present plaintiffs.

Such is the case, as far as it is now necessary to present it.

The plaintiffs bring their action here as assignees to recover the fund. The defendants show clearly that they are mere stake-holders, owing no duty, nor having incurred any liability to the plaintiffs which would bring the case within a certain class of authorities. (Sherman a. Partridge, 4 *Duer*, 649.) They show that one suit being brought against them, they have been served with an attachment in another action by the sheriff; the parties in that action insisting upon a right to the fund. They show another suit proceeding in the Supreme Court by claimants on behalf of creditors at large, asking to set aside the assignment, which is the ground of the present plaintiff's claim. Are the defendants bound to judge of these conflicting claims, and pay one of them, or be embarrassed with two suits?

The ground of a bill of interpleader is, "that there is a con-flict between two or more persons claiming the same debt or debts, and that the double claim has not been occasioned by the conduct of the person who is liable to discharge the debt or obligation. (Lord Chancellor in Desborough a. Harris, 31 *Eng. L. & Eq.*, 592.)

There must be a positive claim on each side, and the case must not show that it is impossible for one of the claimants to prevail. See the strong language of Chancellor Walworth in Shaw a. Coster (8 *Paige*, 347, 348). The case itself merely settled that a sheriff could not file such a bill.

2. I have carefully considered what has passed in the Supreme Court, and I do not think any thing there interferes with grant-ing the present application.

The plaintiffs, the assignees, bring the defendants into this court, and submit themselves thereby to what shall here be deemed legal and just. Again, the question as to the rights of Paige & Co., under their attachment in this court, does not arise upon any record in the other court. And again, the refusal to permit an interpleader in the Supreme Court may be placed upon the allegation of a transfer of the funds to the assignee, then sworn to, and now refuted.

Order granted that the defendants have liberty to deposit, &c., in the Trust Company; and on producing a certificate, &c., that an order be entered substituting and discharging as prayed. Ten dollars costs to be allowed applicant. Interest at the origi-nal rate agreed upon.