## WILSON *a.* DUNCAN.

*New York Superior Court ; General Term, July,* 1860.

ATTACHMENT.—INTERPLEADER.—MOTION TO SUBSTITUTE ADVERSE CLAIMANT AS DEFENDANT.—APPEAL.

Notice of an attachment against all defendant's property, is insufficient under section 235 of the Code.
Of the grounds on which an order of interpleader may be granted under the Code.
An order under section 122 of the Code, substituting an adverse claimant as a defendant, is appealable.

Appeal from an order made on a motion by defendants, to . substitute an adverse claimant of the fund in suit as defendant.

The decision of the motion is reported 8 *Ante*, 354.

By THE COURT.—ROBERTSON, J.—This action is brought, as appears by the complaint therein, to recover a balance of $53,000 deposited with the defendants as a loan, on the 30th day of June, 1858, by the firm of L. O. Wilson & Co., and assigned on that day by Wilson & Co. to the present plaintiffs, of which notice was given to the defendants on the 1st day of July, 1858.

On the 3d day of July, 1858, the defendants received a notice from the members of the firm of J. W. Paige & Co., stating the commencement of an action by them in the Supreme Court of this State against the members of the firm of L. O. Wilson & Co., in which they claimed an equitable lien upon all the effects of that firm, by reason of a special agreement made in October previous,—stated the issuing of an injunction in that action restraining the defendants therein from making any disposition of their property owned in October previous, or its proceeds, and still in force,—mentioned an assignment by such defendants, in defiance of such injunction to the present plaintiffs,—and insisted that Paige & Co. would claim that any assignment was subordinate to their claim, and that they had a lien upon the funds in the hands of the present defendants, amounting to $49,000. Such notice did not set forth the terms of such special agreement, or otherwise specify the grounds of such equitable lien, or any facts to sustain it, nor did it claim that the assignment to the present plaintiff was void.

On the 3d day of August, 1858, the present defendants received from the sheriff of the city and county of New York, copies of two warrants of attachment, commanding him to attach and safely keep so much of the property of Lewis O. Wilson as should satisfy the demands of J. W. Paige and others, plaintiffs in the action in which such attachments were issued, with notices that they were such copies, and that " all the property, debts, and credits of L. O. Wilson," then in their possession or under their control, would be liable to such warrants, and that they were required to deliver all such property to the sheriff, with a certificate thereof.

The order from which the appeal is now taken, was made upon an application by the defendant under the Code (§ 122) to

substitute the members of the firm of J. W. Paige & Co., and the sheriff, as defendants in their place, and to be discharged from all liability, on depositing with the New York Life Insurance and Trust Company the sum claimed.

The application was founded upon an affidavit of one of the defendants; this affidavit alleges the receipt of the three notices before mentioned, and that the members of the firm of J. W. Paige & Co., and the sheriff, claim by the virtue of the lien mentioned in the notice of the former, and the attachment. It also alleges, that both claim and insist that the assignment by L. O. Wilson & Co. to the plaintiffs is void as against J. W. Paige & Co., as creditors of the former, for reasons appearing on its face, and also on the ground that the same was executed in fraud of their rights, arising from facts stated in their notice, and with intent to hinder, delay, and defraud the creditors of L. O. Wilson & Co.; but no facts are alleged to have been stated, or to exist to support such charge. Such affidavit further alleges that the present plaintiffs have been made defendants in the first action brought by J. W. Paige & Co., by a supplemental complaint, and that a portion of the relief sought therein is, to set aside the assignment to the plaintiffs as fraudulent and void.

In the original complaint in the action in the Supreme Court, by Paige & Co., against L. O. Wilson & Co., they demand judgment, that the property owned by them be applied to the payment of the debts owing by them in October previous, and that it should be divided ratably among their creditors.

The ground stated for such relief, was the purchase by Wilson & Co. of Paige & Co., of $50,000 worth of goods; the embarrassment of the former in October, 1857; a request to them by the plaintiffs therein, and others, to extend their credit, which was complied with, such compliance being obtained by a representation by such defendants that such embarrassment was temporary, that they were solvent and able to pay all their creditors, and a promise by them to pay the plaintiffs in full, or as much as any other creditors; such complaint further alleged that other creditors had been paid in full. Such complaint was filed on behalf of the plaintiffs, and other creditors of Wilson & Co., who should elect to come in and contribute towards the expense of the action.

The supplemental complaint in this action was filed against the original defendants in such action and the present plaintiffs, as parties defendants therein, and judgment is thereby demanded ; and that the assignment to the present plaintiffs should be set aside, the assigned property delivered to a receiver, and distributed among the creditors of L. O. Wilson & Co., and the defendants therein enjoined from disposing of any of the assigned property ; the grounds for such relief are stated therein to be the assignment after notice of the injunction of the present plaintiffs, the indebtedness of L. O. Wilson & Co., in October previous, amounting to three millions of dollars, their payment of two millions of such debts, at the sacrifice of over half a million of dollars, in the loss on a sale of goods to raise such sum, and a breach of the condition of the extension, that all the creditors of L. O. Wilson & Co., would join in it. Nothing appears in such complaint, or in any paper used on the argument, as to the time of the service of the injunction.

The notices of the attachment by the sheriff did not create any claim for the debt demanded in the suit, as they did not operate as a levy or seizure by him, and he can only sue to recover debts seized or attached by him. (*Code*, § 237, subd. 4.)

The attachment is to be executed by leaving a certified copy of the warrant with the debtor, with a notice showing the property levied on (§ 235), and he is required to return an inventory, and keep the property seized by him, to answer any judgment. (§ 232.)

The warrant of attachment only authorizes him to attach and safely keep so much of the defendant's property, as may be sufficient to satisfy the plaintiff's demands, with costs and expenses (§ 231), his right is therefore not unlimited, to seize and attach all the defendant's property. The notices did not therefore comply with the statute, they did not show the property levied on, they did not describe it any way, to whom it was due, when and for what amount.

In Orser *a.* Grossman (4 *E. D. Smith*, 443 ; S. C., 11 *How. Pr.*, 520), it was strongly intimated that the notice of an attachment against all the property would not hold any, and it was expressly decided in Kuhlman *a.* Orser (5 *Duer*, 242), in this court, that it would not. The right to a discovery of the

nature and amount of the claim show the intent of the statute; the notices, therefore, gave no claim to the sheriff.

On the facts set forth in the original claim of Paige & Co., in the action against L. O. Wilson & Co., they were not judgment-creditors of the latter, and could not set aside their assignment for fraud; the promise by L. O. Wilson & Co., to pay them their extended notes, created no equitable lien upon their assets; any claim might render their extension void, but could go no further. There was no promise by L. O. Wilson & Co. to pay out of any specific fund, or appropriate it to the use of any other creditor.

The facts set forth in the supplemental complaint are equally ineffectual; they only claim the assignment to be void because made in violation of the injunction; that could not be so, as the only effect is to bring the violator in contempt, not the stranger to the suit. All the facts alleged in such action do not constitute any claim by the plaintiffs therein against the present defendants, and they therefore cannot be prejudiced thereby.

The notice of Paige & Co. is not broader than the action; they admit in it that the assignment is good, but claim it to be subordinate to their own lien. The claim of themselves and the sheriff, alleged in the affidavit of the defendants is not supported by any facts alleged, and, therefore, is no better than a mere bald claim to the money. The prayer in the action of Paige & Co., to remove the present plaintiffs as trustees, is in support of the assignment.

The affidavit, however, on which the motion was founded, does not allege as facts any of those on which the claim of Paige & Co. rests, or that the applicant is ignorant of them, or that he does not know to whom he can safely pay the amount claimed, which was essentially necessary formerly in a bill of interpleader. (2 *Barb. Ch. Pr.*, 573; Bell *a.* Hunt, 3 *Ib.*, 391.) And it is settled that section 122 only changes the mode of relief. (Sherman *a.* Partridge, 1 *Abbotts' Pr.*, 260; 11 *How. Pr.*, 154; *Duer*, 646.)

The rule is laid down in Shaw *a.* Coster (8 *Paige*, 347, 338), that the party applying for relief must show that he is ignorant of the rights of the respective parties who are called upon by him to interplead, or, at least, that there is some doubt upon

some point of fact to which claimant the debt is due, so that it cannot safely be paid to either.

The facts on which the parties' claim in this case rests, are all known, and furnish no ground for believing that one set of parties' have any, and there is no reason why the action should be interfered with.

The order also seems one from which an appeal can be taken; it affects a substantial right, the reasoning in St. John a. Croel (10 *How. Pr.*, 253), as to the continuance of an action in the name of a surviving plaintiff, or of the representation of a deceased plaintiff, is equally applicable; the plaintiff should not be obliged to contend with parties not shown to have any interest, but who might embarrass him with a frivolous defence.

The objection that the order now appealed from was not the subject of an appeal cannot be sustained. The discretion mentioned in section 122 is not such as to make the order unappealable; the only object was to give the court discretion beyond the facts required to be stated in the affidavit, without which the court had not jurisdiction to make the order, but that discretion must be regulated by the rules of law adopted in regard to bills of interpleader; the right affected is substantially within the meaning of subdivision 3 of section 349; it clearly would have been so if the relief asked for had been refused in a proper case, and the plaintiffs are equally clearly affected in a substantial right when their past dues are subjugated to the costs of a litigation and commissions on the moneys paid in and out of the hands of a depository.

A refusal to allow an action to be continued in the name of a surviving plaintiff, or the names of the representatives of a deceased plaintiff, although a new action might have been brought by them, was held to affect a substantial right. (St. John a. Croel, 10 *How. Pr.*, 253.) The substitution of new defendants, perhaps of not equal solvency with the original parties, appears to me equally to do so.

The order appealed from must be reversed, with ten dollars costs of the appeal, to abide the event of the suit.