## CLARK *v.* BROCKWAY.

### December, 1866.

In the absence of any special provision to the contrary, a judgment in an action against a debtor and the receiver of his estate, establishing a claim against the debtor, and directing the receiver to pay the same, simply determines the validity of the claim, and does not give it preference over other debts.

The rule that the title of a receiver dates only from the filing of the order of his appointment, does not apply to a chose in action. The filing of a bill to set aside the debtor's assignment, if followed by the appointment of a receiver and a decree granting the relief asked for, creates a lien on all the choses in action held by the assignee, which is not liable to be defeated by a cross judgment recovered by the debtor in such chose in action, against the assignor.

A debtor made an assignment for benefit of creditors, and defendant gave his notes to the assignees for a debt he owed to the debtor. Subsequently a creditor of the debtor had the assignment set aside and a receiver of the assets appointed. Defendant then sued the debtor and receiver on a claim he held against the former, and recovered judgment directing the receiver to pay such claim.

*Held,* in an action brought by the receiver on the notes given by the defendant to the assignees, that the defendant was not entitled to have the judgment recovered by him set off.

Chester M. Clark, as receiver of the effects of Wm. Sherman, brought this action in the supreme court, against Wm. N. Brockway.

On September 1, 1856, Wm. Sherman made a general assignment, for the benefit of creditors, to John Sherman, James A. Sherman and Erasmus Bowen. On October 13, 1856, James Horton commenced an action to set aside this assignment, as fraudulent and void against creditors, and on October 13, 1857, entered a decree adjudging the same to be fraudulent and void, directing the payment of his demand of six thousand dollars from the assigned property, and appointing Clark (the plaintiff in this action), receiver. On January 1, 1857, which was intermediate the commencement of Horton's suit and his obtaining a decree, and after the execution of the original assignment, the defendant made and delivered to the assignees of Wm. Sherman, as such assignees, his two promissory notes, bearing date

on that day, payable at once, and which notes, at the time of the trial, amounted to two hundred and seventy-two dollars and sixty-two cents. These notes passed to the plaintiff as such receiver, and the present action was brought to recover the amount of them.

It also appeared that on December 6, 1856, which was after the assignment, and after the commencement of Horton's proceedings in hostility thereto (but before the plaintiff's appointment as receiver), the defendant became the owner and holder of a promissory note, made by Wm. Sherman, for three hundred dollars and forty-nine cents, dated March 21, 1856, and that on September 28, 1857, he commenced an action against Sherman and recovered judgment on the note for three hundred and forty-five dollars and forty-eight cents, which was docketed October 22, 1857. On December 13, 1858, the defendant commenced an action against the assignees and the receiver, asking that the receiver should pay his said judgment out of the assets in his hands. A judgment was rendered directing such payment.

Upon these facts, the question was presented to the court below, whether the defendant was entitled to have his judgment, or enough thereof to equal the amount, set off against the amount due upon his said notes, and his judgment canceled to that extent.

*At the circuit* the judge directed a verdict in favor of the plaintiff for the amount of the notes in suit, subject to the opinion of the court, and at the general term of the sixth district, judgment was ordered in favor of the plaintiff, thus denying the defendant's claim of set-off. No written opinion was delivered. The defendant now appealed to this court.

*O. Porter*, for defendant, appellant;—Insisted that the receiver's title dated only from the time of the order for his appointment, and was derived from the debtor; citing the cases referred to in the opinion below, and Pine *v.* Rickert, 21 *Barb.* 469; Rutter *v.* Zallis, 5 *Sandf.* 610. As to the right of set-off; 17 *How. Pr.* 553; 1 *Paige*, 585, 444; 18 *Johns.* 493; *Barb. on Set-off*, 89; 9 *Abb. Pr.* 79, 356; 13 *Wend.* 240; 2 *Smith L. Cas.* 192.

On the point that the fact that the notes given by defendant to Sherman's assignees were given after the assignment constituted no objection to the set-off, counsel relied on an unreported decision of the supreme court in a similar action by the same plaintiff against one Pratt, in which the court below had applied the rule that the receiver's title dates only from his appointment.

*L. H. & F. Hiscock,* attorneys for plaintiff, respondent.

HUNT, J. [After stating above facts.]—The defendant, in his suit against the present plaintiff, as receiver, and others, recovered a judgment, directing the receiver to pay the amount of the notes held by him, three hundred and forty-five dollars and forty-eight cents, with the costs, and he claims that judgment to be decisive of the present suit. In this I think he errs. His judgment is a legal determination of the validity of his claim, but it does not determine when it shall be paid, or what, if any, shall be its preference over other debts. By obtaining an off-set against the notes in suit, the defendant would at once obtain payment of his claim to that amount, and this without regard to the amount of debts or assets applicable to the general settlement of Wm. Sherman's affairs. He might thus obtain a large proportion or the whole of his debt, while others, equally entitled, might be compelled to accept a much smaller proportion. This the law does not allow. Equality in the payment of debts by a receiver is the rule of law, unless by diligence, or for some special reason, a preference is declared of one creditor, or of one class, over creditors generally. No such circumstance exists in this case, and the judgment is to be regarded as determining simply the validity of the plaintiff's claim on the notes held by him. His debt is adjudged to be valid, but it must take its chances of payment with other valid debts in the general administration of the estate of Wm. Sherman.

The defendant also claims that the title to the notes in suit became vested in the plaintiff, as receiver, only from the time of his appointment as such; that he obtains his title by the act of the law, and not by or through the assignees. It is further

claimed that the receiver took title to the notes subject to all liens and equities then existing against them; that the defendant's right to a set-off against Sherman was perfect; and, as the receiver derives his title by the act of the law, through Sherman, the right to the set-off remains perfect against the present plaintiff, the receiver.

It is true that the present action is not brought by the assignees, nor by one acquiring title from them. It is true that the plaintiff does not hold under the assignees, but directly from the assignor, under an order directing an assignment by him to the plaintiff as receiver. It is also true that, as to some classes of property, his title commences from the filing of the order directing the appointment of a receiver; that it relates back to the date of that order only, overreaching all intermediate liens. To this effect are the following cases, viz: Chautauque County Bank *v.* Risley, 19 *N. Y.* 369, 374; Porter *v.* Williams, 9 *N. Y.* 149; Van Alstyne *v.* Cook, 25 *N. Y.* 489; Becker *v.* Torrance, 31 *N. Y.* 631; *Code of Pro.* 1862, § 298.

A distinction, however, is established by the cases, as to the kind of property to which this principle is applied. It is conceded that, as to real estate, and as to tangible personal estate, the law is as claimed by the appellant. In other words, if the appellant had issued an execution upon his judgment and levied upon the real estate or upon the horses and cattle, held under the assignment, the subsequent appointment of a receiver would not have divested his lien. This circumstance, however, did not exist in the case before us. On the contrary, the fund which the appellant seeks to appropriate in part satisfaction of his debt was not the subject of a levy, but existed in the form of a chose in action in the hands of the assignees. The filing of the bill in equity by Horton, seeking to set aside the assignment and asking that all the funds, so far as might be needed, should be applied in satisfaction of his debt, created a lien on all the assigned property in the form of choses in action. See authorities, *supra.* The set-off claimed by the appellant, if allowed, would destroy this lien, and give him preference in the payment of his debt. It cannot be allowed.

It is to be observed, further, that the notes in suit were never the property of William Sherman. They were given to his as-

signees. For what precise purpose, or upon what consideration, is not disclosed in the case. Nor is it material. When the assign-. ment was vacated, it was vacated as to creditors only. The title to the notes did not thereupon vest in William Sherman. As to him, every thing in which he was interested passed perfectly under the assignment, and did not revest in him when the assignment was set aside. The law transferred the title of the notes from the assignees to the receiver, no gap intervening. If he had ever had title to the notes, it would not have returned to him on the setting aside of the assignment. But he never had title at any time.

The judgment should be affirmed.

All the judges concurred except PORTER, J., not voting.

Judgment affirmed, with costs.