THE BUFFALO GRAPE SUGAR COMPANY, RESPONDENT, *v.* JOHN L. ALBERGER, APPELLANT, IMPLEADED, &c.

*Action by corporation to determine conflicting claims to its stock—when it cannot be maintained—Temporary injunction—when it cannot be granted—Code of Civil Procedure, §§ 603, 604.*

The plaintiff, a corporation, alleged in its complaint that it had issued two certificates of stock, numbered respectively three and four, to one Williams, who had transferred them to the defendant Hamlin; that certificate No. 3 had been presented to it by Hamlin, and that the same had been canceled and a new certificate had been issued to him therefor; that certificate No. 4, having been lost by Hamlin, wrongfully came into the hands of Williams, and through him to the defendant Alberger, who presented it to the plaintiff, and demanded that it should enter the transfer to him, upon its books; that Alberger also claimed to be the owner of the other certificate transferred to Hamlin; that the plaintiff, before notice of the claim of Alberger, believing the certificate No. 4 to have been lost, had issued a new certificate therefor to Hamlin, which was still outstanding; that the plaintiff feared that Alberger demanded the transfer to be made, with the intent of bringing an action against it to recover the penalties imposed by chapter 40 of 1848, for its refusal to transfer the stock; that the plaintiff was unable to determine the respective rights of the parties, and feared that it might be exposed to injury by reason of the issue of the said certificate to Hamlin. It prayed for a judgment determining the respective rights of the parties, and that if Alberger had no interest in the certificate it might be delivered up and canceled.

*Held*, that, upon the facts stated, the plaintiff had no right to bring the controversy into a court of equity, and that as it was not entitled to the judgment demanded, a temporary injunction, restraining the defendant from disposing of the said certificates or prosecuting any action or proceeding against the plaintiff for its refusal to transfer the stock upon its books, was improperly granted and should be vacated.

APPEAL by the defendant Alberger, from an order made at Special Term, denying a motion to vacate an injunction order granted herein.

*A. G. Rice*, for the appellant.

*S. S. Rogers*, for the respondent.

TALCOTT, P. J.:

This is an appeal from the order of the Special Term in Erie county, refusing to vacate an injunction order, granted in this case, restraining the defendants and each of them from disposing of either or any of the certificates of the plaintiff's stock in their possession, mentioned in the complaint, and from prosecuting any action or proceeding against the plaintiffs for the refusal to transfer such stock upon its books.

The writ of injunction, as formerly known, is abolished, and a temporary injunction can only be granted by an order as prescribed by the Code. (*Code of Civ. Pro.*, 602.)

The judgment demanded in the complaint in the case is that it be determined what right, if any, the defendant Alberger has acquired in and to certain certificates of stock of the plaintiff corporation, and what the respective rights of the defendants thereto may be, and that if the defendant Alberger be found to have no interest therein, then that a certain certificate, described as certificate No. 4, be delivered up and canceled.

The complaint in substance alleges that in January, 1874, the plaintiff issued to one Horace Williams two certificates for its capital stock; one, numbered *three*, for forty-three shares, and one, numbered *four*, for twenty-three shares, and that in or about the year 1874 said Williams transferred the said stock to Cicero J. Hamlin; that certificate No. 3 was presented to the plaintiff by Cicero J. Hamlin and canceled, and a new certificate issued to said Hamlin; that about January 12, 1880, the defendant Alberger presented to the plaintiff the certificate numbered *four*, and demanded that the twenty-three shares of stock represented by the same be transferred on its books to said Alberger, and, at the same time, presented to the secretary and treasurer of the plaintiff a written

demand that he should enter the transfer of the shares of stock represented by said certificate No. 4, from said Williams to the said defendant Alberger, on the books of the plaintiff, containing an alphabetical list of its stockholders, showing their place of residence, the number of shares held by each and the time they respectively became the owner thereof, and the amount of stock actually paid in, showing to whom and from whom the same was transferred, and that such request was refused because of the facts thereinafter set forth, and that defendant Alberger further served notice upon the plaintiff to the effect that the forty-three shares of stock, originally represented by certificate No. 3, were the property of Alberger; that the defendant Hamlin claims that the shares represented by both said certificates belong to him; that certificate No. 4, having been lost, wrongfully came to the hands of Williams, and through him to Alberger; that the same having been so reported lost, the plaintiff, before the service of said notice upon him, had issued a new certificate to said Hamlin in lieu of certificate No. 4, which is still outstanding in the name of Hamlin; that the plaintiff fears that Alberger, in presenting said certificate and demanding the transfer thereof to him, did so with intent thereby to lay the foundation of an action or actions at law, to be brought by him against the plaintiff for a penalty or penalties, under the " Act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," passed February 17, 1848, ch. 40, and the acts amendatory thereof and supplementary thereto.

That the plaintiff is unable to state what the respective rights of the defendants are in regard to said certificates, and the stock represented thereby, and that it fears it may be exposed to injury because of the issue of the said certificate to Hamlin, in lieu of certificate No. 4.

The object of the complaint seems to be to compel the defendants to litigate in this suit their respective rights to the stock of the plaintiff, originally represented by certificate No. 4, and perhaps, also, to litigate their respective rights to the stock represented by certificate No. 3.

By section 603 of the Code of Civ. Pro., an injunction order may

be issued "where it appears from the complaint that the plaintiff demands and is *entitled* to a judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff."

Or, secondly, under section 604—"where it appears by affidavit that the defendant, during the pendency of the action, *is doing, or procuring, or suffering to be done, or threatens, or is about to do or to procure or suffer to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual.*"

This is not a suit of interpleader, such as is provided for in section 820 of the Code of Civil Procedure, as it is not averred that any action is pending, and in other respects fails to make a case within that section. It is not a case for a bill of interpleader, as authorized by the general rules of equity.

The complaint states a perfect title to the stock, represented by the two certificates, in Hamlin, and does not show that the plaintiff is ignorant of their respective rights, or that there is any doubt concerning the same. (*Shaw* v. *Coster*, 8 Paige, 339; 2 Barb. Ch. Pr., 2 ed., 117; *Mohawk & H. R. R.* v. *Clute*, 4 Paige, 384.)

It does not appear that the defendant, Alberger, is doing, or procuring, or that he threatens, or is about to do any act in violation of the plaintiff's rights, and we do not see that the plaintiff is entitled to the judgment which it demands in its complaint, or to any judgment at all against the defendant, or either of them. If the plaintiff has embarrassed itself by issuing a certificate to Hamlin, in lieu of the one alleged to have been lost, that gives it no right of action against Alberger.

We do not think the case is within the principle upon which the case of the *New York & New Haven R. R.* v. *Schuyler* (34 N. Y., 30), was maintained.

In that case spurious certificates of railroad stock had been issued by an officer having apparent authority to do so, which were undistinguishable on their face from the certificates of genuine stock, and were outstanding in the hands of numerous holders as evidence of interest in the property of the corporation. Numerous suits had

been commenced in various courts to enforce the claims of various of these holders of the spurious certificates, and the value of the genuine stock of the corporation was greatly diminished. The corporation was the holder of the legal title to the railroad and its franchises, and it was held that the corporation, so representing the legal title, could maintain an action against Schuyler and three hundred and twenty-five others, the alleged owners of the over-issued stock, for the purpose of having their respective rights adjusted and determined, and it was held in that case that the number of parties and the multiplicity of actual and threatened suits will sometimes justify a resort to a court of equity, when the subject is not at all of an equitable character, and there is no other element of equitable jurisdiction.

This case is destitute of the elements of equitable cognizance, which results from the multiplicity of the claimants, and from the circumstance that numerous suits have been commenced, or are threatened.

It is not claimed that any suits have been threatened, but only facts are alleged, from which it is apparent that the corporation has reason to apprehend that Alberger will commence an action at law against the corporation, to enforce a claimed right which is strictly of legal cognizance, and to which, if he is not entitled to the stock claimed by him, the corporation will have an adequate defense in one, or, at most, two actions, in which the legal right can be determined.

We do not see that there is any ground upon which the plaintiff can draw this controversy into a court of equity, and thus deprive the claimant of the ordinary right of a trial by jury; and because the plaintiff is not entitled to the judgment demanded by it, the injunction order should have been vacated.

Order appealed from reversed, and the injunction order vacated, with $10 costs of the motion, and costs and disbursements of the appeal.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Ordered accordingly.