Sedgwick, Ch. J.,
in denying the motion at special term, wrote as follows :—“ On the facts, the defendant is not in that danger of being compelled to pay twice, which is the equitable foundation of a right to have rival claim *271 ants intervene. The nature of the controversy is such that ordinary diligence will enable the defendants to be informed of facts which will make it clear to whom that duty lies (Thurber v. Blandí, 50 N. Y. 80).
George O. Lay, attorney, and of counsel for appellant, as bearing on the point of sufficient danger, argued :
I. The bank is ignorant of the rights of the rival claimants (Mohawk & Hudson R. R. Co. v. Clute, 4 Paige, 384; Shaw v. Coster, 8 Ib. 339 ; Wilson v. Duncan, 11 Abb. Pr. 3).
II. The court below evidently regarded the question involved in the sheriff’s action as so free from doubt as to make the cause of action frivolous ; but we beg to suggest that the uncertainty of litigation is a factor that cannot be overlooked. What will be the result of the sheriff’s action ? He may amend his complaint on the trial, and follow the money in bank on some other theory than that alleged in his complaint. The court of appeals may, five years hence, take a different view of the sheriff’s right to enforce attachments or to maintain creditors’ actions. Even that high court has been known to reverse its own decisions. The court practically says tb the bank, decide for yourself-the merits of the conflicting claims, and if you are wrong in your judgment bear the loss yourself—a court of equity cannot aid you. We submit with confidence that true principles of equity, applied to this case, will lead to the reversal of the order.
III. A bank may interplead rival claimants to a fund on deposit, especially where there has been an assignment by the depositor, legal or equitable, or by operation of law (German Exchange Bank v. Commissioners, 6 Abb. N. C. 394 ; City Bank v. Skelton, 2 Blatchf. 14; Marvin v. Elwood, 11 Paige, 365 ; Bell v. Hunt, 3 Barb. Ch. 391).
IV. There is a reasonable doubt as to which of the claimants the money is due. The claim of the sheriff is *272 not frivolous on its face. The authorities cited to support the proposition that an interpleader will not be granted where it clearly appears on the face of the papers that the claim of the third party is frivolous and without validity, are mostly cases in which well settled principles of common law were involved. Of this character, see Trigg v. Hiltz (17 Abb. Pr. 436); Pustel v. Flannelly (60 How. Pr. 67). These cases, and similar ones, do not apply where the questions are novel, involving statutory rights and duties of public officers, where the law is in a transition state, which is the case before the court, for the bank is under no common law liability to either party. There is no privity of contract. The receivers seek to enforce a liability of the bank to the assignee, whose right to the money has been taken away by a decree of the court setting aside the assignment. The sheriff seeks to enforce a statutory cause of action which has been the subject of many conflicting decisions (Wait on Fraudulent Conveyances, 122-125).
*271 “Motion denied with §10 costs to each defendant, to abide the event Of the respective actions. ”
Stern & Myers, attorneys, and of counsel for the receivers, respondents, as bearing on the question of sufficiency of danger, argued:
I. The person asking the relief must be in such doubt as to the facts underlying the rival claims, as to be in actual peril of paying twice. This peril must not result from any act or omission of his (3 Pomeroy’s Eq. Juris. 346, et seq.; Willard’s Eq. Juris. 314; Atkinson v. Manks, 1 Cow. 703 ; 2 Story’s Eq. 12, et seq.).
II. There is no doubt as to which claimant is entitled to the fund. The title of the receivers to choses in action relates back to the date of the original assignment for the benefit of creditors (Clark v. Brockway, 1 Abb. Ct. App. 351). The attachments upon which the sheriff’s suit is based, were issued long after the assignment. The receivers’ title is therefore paramount. Interpleader by motion has repeatedly been refused in cases like the one at bar (Venable v. Bowery Ins. Co., 49 Super. Ct. 481; *273 Conner, Sheriff v. Weber, 12 Hun, 580). But even if the law were less certain, the bank cannot ask an interpleader unless the facts underlying the rival claims are doubtful. Questions of law it must decide for itself. Mere ignorance of the facts which give rise to the stakeholder’s duty will not protect him. It must be such ignorance or doubt as cannot be removed by a diligent investigation (Wilson v. Duncan, 11 Abb. Pr. 3 ; Shaw v. Coster, 8 Paige, 347 ; Marvin v. Elwood, 11 Paige Ch. 363). Is the bank in any peril ? We answer, No. The law is settled ; the facts are clear. Indeed, the bank has demurred to the sheriff’s complaint, and declares his claim to be unfounded. “ But,” says the bank, “ our demurrer may be overruled; or, the complaint may be amended, or a higher court may change the existing law, and thus imperil us.” This has been answered above. The bank must determine the existing law for itself, and unless it can show that the facts are doubtful,- it cannot obtain an interpleader.
III. No case cited by the bank is in conflict with the position taken by us. The case of the German Exch. Bank v. Commissioners, &c. (6 Abb. N. C. 391), arose upon rival claims made by certain excise commissioners and their predecessors, who had been removed. The depositor claimed the money, and his successor claimed it. The facts and the j>oints decided do not touch the case at bar. If the receivers and the late assignee (who was the depositor), were the rival claimants here, the case might apply. The case of Wilson v. Duncan (8 Abb. Pr.. 351), which the learned counsel treats as his leading case, was a special term decision, and was reversed by the general term of this court (Wilson v. Duncan, 11 Abb. 3). Marvin v. Ellwood (11 Paige, 365), is not at all in point as to its facts. The question there decided turned on the relation of attorney and client.
W. Bourhe Cochran, attorney, and of counsel for respondent Davidson.
*274 Per Curiam.
The .order appealed from is affirmed with costs, for the reasons assigned by the special term, and on the authority of Venable v. N. Y. Bowery Fire Ins. Co. (49 Super. Ct. 481).