MARGARETHA SCHMIDT

*v.*

FREDERICK EITEL et al.

[Submitted October 25th, 1905. Decided January 2d, 1906.]

The bill stated that the complainant had in her hands a specific sum of money due to Eitel, one of the defendants, upon a written contract for the erection of a house, and that the other defendants had served on the complainant "lien claim notices." The prayer was for a decree that the defendants should interplead, and that complainant, on paying into court the sum she admitted to be due, should be discharged from all liability to defendants. - On demurrer—*Held*, that the bill was defective in that it did not show that the written contract had been filed, so as to protect the land from liens under the Mechanics' Lien act.

On demurrer to bill.

*Mr. Frank Benjamin,* for the demurrants.

*Mr. John P. Manning,* for the complainant.

MAGIE, CHANCELLOR.

The bill demurred to appears to be one of strict interpleader. The relief it seeks is founded on the statements that complainant made a written contract with Eitel, one of the defendants, for the erection of a house upon her lands, for $2,685, and that Eitel has been paid by her $2,285, and there is now due him on the contract $280.56; and that the Empire Sash and Door Company, James Huggan and Frank J. Brohm and Fred Buhl (also made defendants), have at specified times served on complainant what the bill calls "lien claim notices," to the effect that Eitel was indebted to them, respectively, for materials furnished and used in the erection of the building, and that each of these defendants claims a prior lien on the funds in complainant's hands, which she is ready and willing to pay to any person lawfully entitled to receive them.

The prayer is that defendants may interplead, and that complainant, on paying into court the amount she asserts to be due, may be discharged from any liability to the defendants. Eitel, the alleged contractor, and Brohm and Buhl, alleged claimants upon the fund, have severally demurred to the bill.

It is first claimed, by both demurrants, that the bill is defective because it fails to show that the contract which complainant avers she made with Eitel was filed in the clerk's office of the county in which the lands were, so as to protect complainant's lands from the lien claims under the first and second sections of the Mechanics' Lien law of 1898. *P. L. 1898 p. 538.* If in fact the contract was not filed, obviously, upon the statements of the bill, each one of these defendants may file his lien upon the house and lands of complainant, and enforce that lien by the proceeding provided for by the Mechanics' Lien law. The lien claimants are entitled, in that proceeding, to recover the full amount of their respective claims which are proved. They cannot be restricted to the amount due to the contractor on a contract not filed, under section 2. When the contract is

filed, workmen and materialmen are provided with a means to enforce their claims upon moneys due the contractor by the provisions of section 3.   But to entitle complainant to limit the claims of workmen and materialmen to funds in her hands, and to seek relief of that character, she should have averred that the contract she made with Eitel had been duly filed.

On this ground the demurrer must be sustained.

This result renders it unnecessary to consider other causes also assigned upon the demurrer.