Complainant entered into a contract with one Clark whereby the latter agreed to make alterations to a building of the former. The contract was not filed. When $330 of the contract price fell due, Garfield Mill, Incorporated, a judgment creditor of Clark, levied on the rights and credits in the hands of complainant belonging to Clark, namely, the sum of $330. Prior thereto, Roofers Supplies, Incorporated, and Goethal, had filed in the county clerk's office mechanics' notices of intention, pursuant to section 1 of the Mechanics' Lien act as amended by P.L. 1930p. 972, and these two claim *Page 247 
that there is due them from Clark for labor and materials furnished, $242.50 and $87.50 respectively, and have demanded payment from complainant. Clark is not a party to the suit. Complainant has paid the sum of $330 into court and prays that Garfield Mill, Incorporated, Roofers Supplies, Incorporated, and Goethal may interplead.
It is established that payment to the contractor is not a defense to a mechanics' lien suit brought by a materialman or laborer. Again, the fact that materialmen and laborers are unpaid and have a lien on the property, is no defense to an action by the contractor against the owner. Indeed, the contractor generally relies on moneys coming from the owner as the source wherewith he will pay materialmen. The owner may, however — at least after a lien claim is filed — pay the lien on his property pursuant to section 31 I of the Lien law as amended by the act of 1930, and I take it that if the lien be valid and the debt be due from the principal contractor, the payment is a good set-off in a suit by the contractor against the owner.
The Garfield mill stands in the shoes of Clark and in no better position. The liability of complainant to the mill, and even the payment thereof, will not discharge complainant's property from liability to the other defendants if they perfect their liens. Conversely, the liability of complainant's property to Roofers Supplies, Incorporated, and Goethal would not be a defense at law to a suit by Clark or Garfield mill. The claims of the defendants are not mutually exclusive; the complainant is not disinterested since payment to the materialmen might discharge complainant as to all defendants. The bill cannot be sustained as one of strict interpleader. Schmidt v. Eitel, 70 N.J. Eq. 8; Tuttle v.Harris, 83 N.J. Eq. 666.
The bill may, however, be upheld if amended and somewhat changed in character. Complainant's property is surety for the materialmen and laborers; the principal debtor, Clark, is insolvent, as I assume, and so the burden will fall on complainant. On the other hand, Clark, or in his stead Garfield mill, is complainant's creditor. These circumstances give to *Page 248 
the surety the right, enforceable in equity, to retain the sum he owes the principal debtor until indemnified against loss by reason of his suretyship, or else to have ascertained the extent of his liability as surety and to apply in discharge thereof the sum he owes his principal. 50 C.J. 241, 243; Illingworth v.Rowe, 52 N.J. Eq. 360; Pfeifer v. Reiman, 10 N.J. Mis. R. 898;161 Atl. Rep. 825. Complainant may have ten days in which to amend. He should join Clark as a defendant and allege that he is insolvent, state more precisely the facts which give the materialmen an alleged lien and tender himself ready to pay to all parties the amounts for which he or his property is liable if it be determined by the court that liability exceeds the sum already paid into court. Wanting such amendments, the bill will be dismissed. *Page 249