This is a bill of interpleader.
On October 24th, 1940, the complainant entered into a contract with the defendant Fred C. DeMund. Under the contract DeMund was to perform all labor and furnish all material in connection with the installation of an oil burner in premises leased by the complainant. DeMund began the work but in March, 1941, defaulted and complainant was compelled to employ another contractor to complete the job. After the completion of the job, complainant had in hand a balance of $1,740 under the original contract for which fund there were several claimants.
On July 2d 1941, complainant filed his bill of interpleader and an order was entered permitting complainant to pay the fund into court and requiring the claimants to interplead.
On December 1st, 1941, DeMund was adjudicated a bankrupt. There appeared to be conflicting claims: (1) those who furnished labor and materials to DeMund; and, (2) the Wood-Ridge National Bank which held an assignment dated October 31st, 1940, of DeMund's "right, title and interest in and to all moneys, rights and credits due to or to become due to me from the Gibraltar Manufacturing Co., Inc.," under the oil burner contract to secure loans totaling $1,300.
None of the defendant laborers or materialmen filed notices of intention under the Mechanics' Lien Act. (R.S. 2:60-112, etseq.) It is admitted by counsel that the claims of the creditors are not governed by the above mentioned Mechanics' Lien Act. The claimants contend that there is a trust fund for their benefit. They say that the bill of complaint was filed under the "suretyship" theory discussed in the case of Tipula v.Garfield Mill, Inc., 115 N.J. Eq. 246.
I am of the opinion that the moneys now in court do not constitute a trust fund for the benefit of the claimants. The right of lien is purely statutory and unless a statutory provision exists, materialmen and laborers are mere general creditors of their contractor. In the Tipula Case, complainant was the owner of lands on which the improvements were made. The defendant Garfield Mill, Inc., had levied, under a judgment, on the rights and credits of the contractor in the hands *Page 225 
of the owner, and the laborer and a materialman had filed proper notices of intention under the statute. Vice-Chancellor Bigelow, in the Tipula Case, said:
"Complainant's property is surety for the materialmen and laborers."
The Vice-Chancellor did not mean that such is the result as a general matter of law but became so by virtue of the filing of notices of intention. By reason of the filing of the said notices, a statutory lien arose, the effect of which was to create a lien against the property. The insolvency of the contractor in the Tipula Case merely emphasized the predicament of the owner in the face of the conflicting claims and his right, under the circumstances, to file an amended bill in the nature of a bill of interpleader. In the case before me the mere fact of the allegation of the contractor's insolvency does not make a parallel case since the other facts are not similar.
The defendant bank holds a valid assignment based upon a valuable consideration. The right to enforce that assignment could, of course, be defeated by the existence of conflicting equities or claims in favor of others at the time the assignment was made. There is nothing in the pleadings or proofs which indicate that such was the case.
The fund, now in the hands of the clerk of this court, amounts to about $1,500. I will advise a decree directing the clerk to pay to the bank the amount due to it and to pay the excess, if any there be, to the receiver in bankruptcy. *Page 226